UNITED STATES v. DOWNEY.

(District Court, D. Rhode Island. April 22, 1919.)

No. 452.

1. INDICTMENT AND INFORMATION ⊛〰73(1)—INCONSISTENCY—FRAUDULENT PROCURATION OF REWARD—PLACE OF OFFENSE.

In an indictment for fraudulently procuring payment of a reward by the United States for apprehension of a deserter under the Selective Service Act, a description of defendant officer's place of service is not inconsistent with the express allegations of the place of the commission of the offense.

2. CRIMINAL LAW ⊛〰113—JURISDICTION OF DISTRICT COURT—FRAUDULENT PROCUREMENT OF REWARD.

Under Judicial Code, § 42 (Comp. St. § 1024), a District Court has jurisdiction of a prosecution for having fraudulently procured payment of a reward by the United States for having apprehended a deserter under the Selective Service Act, though the fictitious claims or vouchers were made in the district and transmitted to an officer in another district.

3. INDICTMENT AND INFORMATION ⊛〰63—CONCLUSION OF LAW—MIXED STATEMENT OF LAW AND FACT.

Allegation that a certain person was not then and there such a deserter under the Selective Service Act (Comp. St. 1918, §§ 2044a–2044k), etc., as entitled defendant to payment of a reward, in an indictment for having fraudulently procured payment of the reward for apprehension of such a deserter from the United States, held not a conclusion of law, but a mixed statement of law and fact.

4. UNITED STATES ⊛〰123—PROCURING REWARD FOR APPREHENSION OF DESERTER—BURDEN OF PROOF.

By alleging that a certain person was not a deserter under the Selective Service Act (Comp. St. 1918, §§ 2044a–2044k), the United States, in a prosecution for having fraudulently procured a reward from it for apprehension of such a deserter, assumes the burden to show that the person named did not come within the description of a person or deserter for whose apprehension and delivery a reward was legally payable.

5. INDICTMENT AND INFORMATION ⊛〰111(4)—NEGATIVE ALLEGATION.

An indictment for having fraudulently procured payment of a reward by the United States for apprehension of a deserter under the Selective Service Act (Comp. St. 1918, §§ 2044a–2044k), which indictment stated generally that the person apprehended was not such a deserter that his apprehension entitled defendant to reward, cast upon defendant

no undue burden in preparing his case, and was sufficient, though not specifically negativing each provision of the statute or regulations which might justify the presentation of such a claim against the United States.

6. UNITED STATES ⬤121—FRAUDULENT PAYMENT OF REWARD BY UNITED STATES—HONESTY OF CLAIM.

To render defendant guilty of having fraudulently procured payment from the United States of a reward for the apprehension of a deserter under the Selective Service Act (Comp. St. 1918, §§ 2044a–2044k), it was not essential that a bill, voucher, or other thing used as a basis for the claim should contain fraudulent or fictitious statements, but whether the claim was genuine and honest must be determined in view of all the facts surrounding it.

7. UNITED STATES ⬤123—FRAUDULENT PROCUREMENT OF REWARD BY UNITED STATES—INDICTMENT.

An indictment for having fraudulently procured payment of a reward by the United States for the apprehension of a deserter under the Selective Service Act (Comp. St. 1918, §§ 2044a–2044k) need not state the circumstances surrounding the presentation of the document or voucher which was the basis of defendant's claim, or the nature of any other document accompanying or supporting it.

John F. Downey was indicted for an offense against the United States, and he demurs to the indictment. Demurrer overruled.

Harvey A. Baker, U. S. Atty., of Providence, R. I.
McGovern & Slattery, of Providence, R. I., for defendant.

BROWN, District Judge. [1, 2] The indictment properly charges that the offenses were committed within the territorial jurisdiction of this court. A description of the officer's place of service is not inconsistent with the express allegations of place of commission of the offenses. Furthermore, even should it be assumed that the fictitious claims or vouchers were made in this district, and were transmitted to an officer in another district, this court would have jurisdiction. Judicial Code (Act March 3, 1911, c. 231) § 42, 36 Stat. 1100 (Comp. St. § 1024); Burton v. United States, 202 U. S. 344, 371, 26 Sup. Ct. 688, 50 L. Ed. 1057, 6 Ann. Cas. 392; Bridgeman v. United States, 140 Fed. 577, 72 C. C. A. 145.

[3] The allegation that a certain person "was not then and there such a deserter under the Act of May 18, 1917, known as the Selective Service Act [40 Stat. 76, c. 15 (Comp. St. 1918, §§ 2044a–2044k)], and the public resolutions and acts amendatory thereof, and the regulations issued thereunder by the President of the United States, as entitled said John F. Downey to the payment of such a reward," etc., is objected to as stating a conclusion of law; but this is a mixed statement of fact and law, rather than a mere conclusion of law.

[4, 5] By making this allegation the United States assumes the burden of showing that as matter of fact the person named did not come within the description of a person or deserter for whose apprehension and delivery a reward was legally payable, pursuant to the provisions of law referred to. The burden of establishing a negative is upon the United States, not upon the defendant; for if a prima facie case

be made against him, negativing all lawful grounds for a claim of reward, he may meet it on a single ground only. This general mode of statement casts upon the defendant no undue burden in preparation. There seems to be no greater uncertainty in this form of allegation than if the indictment had negatived specifically and separately each of the provisions of statute or regulations which state the facts under which a reward is payable.

[6] It is not essential that the bill, voucher, or other thing used as the basis for the claim should, in and of itself, contain fraudulent or fictitious statements, but whether the claim is genuine and honest must be determined in view of all the facts and circumstances surrounding it. Dimmick v. United States, 116 Fed. 825, 54 C. C. A. 329.

[7] It is argued that a necessary requirement of the regulations is the presentation on form 1021 of a certificate, and that without this a fraud could not have been consummated; but the making of the document or voucher is a separate thing from its presentation, and it does not appear necessary that the indictment should state the circumstances surrounding its presentation, or the nature of any other document accompanying or supporting it.

Assuming that various provisions of the regulations may be involved, it is evident from the defendant's brief on demurrer that by reference to the statutes and regulations named in the indictment counsel have been sufficiently informed to prepare a defense, and that the accusations are quite as definite as if the United States had specifically negatived each and all of the provisions of statute or regulations which might justify the presentation of claims against the United States for the payment of the sums set forth in the indictment.

Demurrer overruled.