**MAHAFFEY v. HUDSPETH, Warden.**

No. 2522.

Circuit Court of Appeals, Tenth Circuit.

June 15, 1942.

Mahaffey[1] and another were charged by an indictment returned on February 25, 1938, in the District Court of the United States for the District of New Mexico, with a violation of the National Stolen Property Act, 18 U.S.C.A. §§ 413–419, 48 Stat. 794. The indictment charged that petitioner and another, on March 3, 1937, transported and caused to be transported in interstate commerce from Albuquerque, New Mexico, to Phoenix, Arizona, $5,345 lawful money of the United States, which had theretofore been taken feloniously by means of fraud, well knowing at the time of such transportation that such money had been so taken. Petitioner was arraigned and entered a plea of guilty to the indictment. On June 27, 1938, he was sentenced to imprisonment in a penitentiary for a term of 10 years and to pay a fine of $5,000.

Sec. 2 of Art. III of the Federal Constitution provides:

"The Trial of all Crimes, except in Cases of Impeachment, shall be by Jury; and such Trial shall be held in the State where the said Crimes shall have been committed; but when not committed within any State, the Trial shall be at such Place or Places as the Congress may by Law have directed."

28 U.S.C.A. § 103, 36 Stat. 1100, provides:

"When any offense against the United States is begun in one judicial district and completed in another, it shall be deemed to have been committed in either, and may be dealt with, inquired of, tried, determined, and punished in either district, in the same manner as if it had been actually and wholly committed therein."

Sec. 6 of the National Stolen Property Act, 48 Stat. 795, as originally enacted, provided:

"Any person violating this Act may be punished in any district into or through which such goods, wares, or merchandise, or such securities or money, have been transported or removed."

It was amended by the Act of August 3, 1939, 53 Stat. 1179, 18 U.S.C.A. § 418, to read as follows:

"Any person violating this Act [sections 413–419 of this title] may be tried in any district from, into, or through which such goods, wares, or merchandise, or such securities, or money or such falsely made,

Malcolm McNaughton, of Leavenworth, Kan., for appellant.

Summerfield S. Alexander, U. S. Atty., and Homer Davis, Asst. U. S. Atty., both of Topeka, Kan., for appellee.

Before PHILLIPS, BRATTON, and HUXMAN, Circuit Judges.

PHILLIPS, Circuit Judge.

This is an appeal from a judgment denying an application for a writ of habeas corpus.

---

[1] Hereinafter called petitioner.

forged, altered, or counterfeited securities have been transported or removed."

Petitioner contends that the money was not transported into or through the District of New Mexico; and that, therefore, the court was without jurisdiction and the sentence is void.

Sec. 6, supra, no doubt was taken from Sec. 5 of the National Motor Vehicle Theft Act, 18 U.S.C.A. § 408, 41 Stat. 325, which reads "That any person violating this Act may be punished in any district in or through which such motor vehicle has been transported or removed by such offender." It is reasonable to assume that the preposition "into" in § 6, supra, was inadvertently used instead of the preposition "in." There is no logical reason why the prosecution should not be had in the state in which the transportation originated as well as in the state through or the state into which the property was transported. No doubt, the purpose of § 6, supra, was to permit the prosecution in a state through which the property was transported. since § 103, supra, would have permitted a prosecution in the state from or the state into which the property was transported.

The primary meaning of the preposition "through" is from end to end, or from side to side, or from one surface or limit to the other surface or limit.[2] It is sometimes used in the sense of simply "within" and will be ascribed that meaning when the context so indicates.[3]

Since there appears to be no reason to exclude prosecution in the state in which the transportation originates, when prosecution is permitted in the state through or the state into which the property is transported, it is reasonable to ascribe the meaning of within to the word "through" as used in Sec. 6, supra, as originally enacted. No doubt, the amendment was enacted to remove the ambiguity.

However, we deem it unnecessary to rest our decision on a construction of § 6, supra, as originally enacted. Sec. 2 of Art. III of the Federal Constitution and § 6 of the National Stolen Property Act deal not with jurisdiction but with venue. 28 U.S.C.A. § 41(2), expressly confers upon district courts jurisdiction "of all crimes and offenses cognizable under the authority of the United States." The crime was commenced in the District of New Mexico where the unlawful transportation originated. In Patton v. United States, 281 U.S. 276, 50 S.Ct. 253, 74 L.Ed. 854, 70 A.L.R. 263, the court held § 41(2), supra, is a broad and comprehensive grant, and gives the courts named power to try every criminal case cognizable under the authority of the United States, subject to any controlling provision of the Constitution. It further held that the right of trial by jury in criminal cases guaranteed by § 2 of Art. III is a personal privilege which may be waived. It follows, we think, that the provisions of § 2, Art. III, respecting the place of trial is also a personal privilege which may be waived. Such was the conclusion of the court in Hagner v. United States, 60 App. D.C. 335, 54 F.2d 446, 448, 449, affirmed on other grounds, 285 U.S. 427, 52 S.Ct. 417, 76 L.Ed. 861, where the question was exhaustively considered.[4]

The trial court found that petitioner freely, intelligently, competently, and understandingly entered his plea of guilty to the indictment. That finding is not challenged here. We hold that petitioner, by thus entering a plea of guilty and failing to challenge the venue of the court in the criminal proceeding, waived any objection to the venue,[5] and that he may not now raise the question of want of proper venue in this, a collateral proceeding.

The judgment is affirmed.

[2] 62 C.J. p. 947; Provident Life & Trust Co. v. Mercer County, 170 U.S. 593, 602, 18 S.Ct. 788, 42 L.Ed. 1156; Blodgett v. Central Vermont Ry. Co., 82 Vt. 269, 73 A. 590, 591; Blease v. Safety Transit Co., 4 Cir., 50 F.2d 852, 855.

[3] 62 C.J. p. 948; Provident Life & Trust Co. v. Mercer County, 170 U.S. 593, 602, 603, 18 S.Ct. 788, 42 L.Ed. 1156; Mississippi Central R. Co. v. Pace, 109 Miss. 667, 68 So. 926, 927; Quanah, A. & P. Ry. Co. v. Cooper, Tex.Civ.App., 236 S.W. 811, 812.

[4] See, also, United States v. Lotsch, 2 Cir., 102 F.2d 35, 36; Gowling v. United States, 6 Cir., 64 F.2d 796, 798; Rosencrans v. United States, 165 U.S. 257, 263, 17 S.Ct. 302, 41 L.Ed. 708; McNealy v. Johnston, 9 Cir., 100 F.2d 280, 282; Silverberg v. United States, 5 Cir., 4 F.2d 908, 909; Marvel v. Zerbst, 10 Cir., 83 F.2d 974, 977; Id., 299 U.S. 518, 57 S.Ct. 311, 81 L.Ed. 382.

[5] See cases cited in Note 4, ante.