**RODD v. UNITED STATES.**

No. 11421.

Circuit Court of Appeals, Ninth Circuit.

Dec. 16, 1947.

Greenbaum, Wolff & Ernst, Alexander Lindey and Mervin Rosenman, all of New York City, and A. L. Wirin and Fred Okrand, both of Los Angeles, Cal., for appellant.

James M. Carter, U. S. Atty., and Ernest A. Tolin, William Strong, and Paul Fitting, Asst. U. S. Attys., all of Los Angeles, Cal., for appellee.

Before MATHEWS, STEPHENS and ORR, Circuit Judges.

MATHEWS, Circuit Judge.

Appellant was indicted under § 245 of the Criminal Code, 18 U.S.C.A. § 396.[1] The indictment was in two counts. Count 1 alleged: "On or about December 31, 1945, [appellant] did knowingly and feloniously cause to be deposited with a common carrier, to-wit, National Carloading Cor-

poration, for carriage from Brooklyn, State of New York, to San Diego, San Diego County, State of California, within the Southern Division of the Southern District of California, one hundred copies of a certain book, entitled 'Call House Madam' by Serge G. Wolsey, contained in wrappers addressed to Ye Olde Book Shoppe, 900 Broadway, San Diego, California, which book was obscene, lewd, lascivious and filthy."

Count 2 alleged: "On or about December 31, 1945, at San Diego, San Diego County, California, within the Southern Division of the Southern District of California, [appellant] did knowingly and feloniously cause to be taken from a common carrier, to-wit, National Carloading Corporation, one hundred copies of a certain book, entitled 'Call House Madam' by Serge G. Wolsey, which book was obscene, lewd, lascivious and filthy, and which 100 copies of said book had been deposited with said common carrier on or about December 14, 1945, for carriage from Brooklyn, State of New York, to San Diego, San Diego, County, San Diego, California, in wrappers addressed to Ye Olde Book Shoppe, 900 Broadway, San Diego, California."

Appellant was arraigned, pleaded not guilty, waived jury trial, was tried by the court and was found guilty on both counts. Thereupon judgment was entered sentencing appellant on count 1, suspending the imposition of sentence on count 2 and, as to that count, placing appellant on probation. From that judgment this appeal is prosecuted.

Appellant contends that count 1 did not charge an offense; that the evidence did not warrant a finding of guilt as to either count; and that, having sentenced appellant on count 1, the court could not lawfully impose a separate sentence on count 2.

There is no merit in the contention that count 1 did not charge an offense.

[1] Section 245 of the Criminal Code, 18 U.S.C.A. § 396, provides: "Whoever shall * * * knowingly * * * cause to be deposited with any * * * common carrier, for carriage from one State * * * to any other State * * * any obscene, lewd, or lascivious, or any filthy book * * * or whoever shall knowingly * * * cause to be taken from such * * * common carrier any matter or thing the depositing of which for carriage is herein made unlawful, shall be fined not more than $5,000 or imprisoned not more than five years, or both."

Count 1 charged an offense under § 245 of the Criminal Code, 18 U.S.C.A. § 396,[2] namely, the offense of knowingly causing to be deposited with a common carrier, for carriage from one State to another State, 100 copies of an obscene, lewd, lascivious and filthy book. It is true that count 1 failed to state that the offense was committed in the State and district wherein the indictment was found.[3] Appellant, however, waived this defect by going to trial on the merits without raising any question of venue.[4] In the court below, appellant did not, at any time, challenge the sufficiency of the indictment or any count thereof.

█ There is no merit in the contention that the evidence did not warrant a finding of guilt as to count 1. The evidence consists of a stipulation dated July 23, 1946; three exhibits attached to and made part of that stipulation; a stipulation dated August, 1946; an exhibit attached to and made part of that stipulation; and appellant's oral testimony. Exhibit 1, attached to the stipulation of July 23, 1946, is a copy of the book mentioned in count 1—a book entitled "Call House Madam." An examination of the book shows it to be an obscene, lewd, lascivious and filthy book. The stipulation of July 23, 1946, states that appellant caused 100 copies of the book to be deposited with a common carrier for carriage from Brooklyn, New York, to San Diego, California. The evidence, including appellant's own testimony, shows that he knowingly caused such deposit.

There is no merit in the contention that the evidence did not warrant a finding of guilt as to count 2. Count 2 charged the offense of knowingly causing to be taken from a common carrier matter the depositing of which for carriage § 245 of the Criminal Code, 18 U.S.C.A. § 396,[5] made unlawful, namely, 100 copies of "Call House Madam." The evidence shows that appellant did knowingly cause such taking. This he did by accepting an order from a customer (Ye Olde Book Shoppe)

at San Diego, California, and by causing the copies to be deposited with a common carrier at Brooklyn, New York, addressed to the customer at San Diego. The customer took the copies from the common carrier, as appellant obviously intended it should. It is idle to deny that appellant caused such taking.

█ There is no merit in the contention that the court could not lawfully impose a separate sentence on count 2. Actually, the court did not impose, but suspended the imposition of, sentence on count 2. However, such a sentence could have been imposed, for counts 1 and 2 charged, and the evidence shows that appellant committed, two distinct offenses.

Other contentions of appellant are so obviously lacking in merit as not to require discussion.

Judgment affirmed.

3 See clause 3 of § 2 of Article 3 and the Sixth Amendment to the Constitution of the United States.

4 Hagner v. United States, 60 App.D.C. 335, 54 F.2d 446, affirmed in 285 U.S. 427, 52 S.Ct. 417, 76 L.Ed. 861; Gowling v. United States, 6 Cir., 64 F.2d 796; Mahaffey v. Hudspeth, 10 Cir., 128 F.2d 940; United States v. Jones, 2 Cir., 162 F.2d 72.