**UNITED STATES of America,**
**Plaintiff,**

v.

**Hugh BRYSON, Defendant.**

**No. 33559.**

United States District Court,
N. D. California, S. D.

June 3, 1953.

See, also, D.C., 16 F.R.D. 431.

478

Lloyd H. Burke, U. S. Atty., San Francisco, Cal., for plaintiff.

Gladstein, Andersen & Leonard, San Francisco, Cal., for defendant.

MURPHY, District Judge.

Defendant herein has filed a motion to dismiss, a motion to compel election, and a motion for a bill of particulars in relation to an indictment which charges that the defendant "in a matter within the jurisdiction of the National Labor Relations Board, an agency of the United States, did unlawfully and wilfully make, use, and cause to be made, and used a false writing and document, namely an 'Affidavit of Non-Communist Union Officer'—Form (NLRB 1081) knowing the same to contain a false, fictitious and fraudulent statement and representation, to wit: that he was not a member of the Communist Party, whereas the said Hugh Bryson then and there well knew that he was a member of the Communist Party".

The second count is in the same language with the exception of the substitution of the words "affiliated with the Communist Party" in lieu of "was a member of the Communist Party".

■ The test to be applied to the sufficiency of an indictment is not to look for mere formal defects and academic distinctions. The test is whether it contains the necessary elements of the offense intended to be charged. Hagner v. U. S., 285 U.S. 427, 431, 52 S.Ct. 417, 76 L.Ed. 861. This indictment clearly apprises the defendant of what he must be prepared to meet.

Upon the authority of the well considered opinion in U. S. v. Lohman and U. S. v. Hupman, D.C., 127 F.Supp. 432, it is ordered that the motion to dismiss be and it is hereby denied.

■ Finding no merit whatsoever in the motion to compel election, it is denied without further comment.

■■ As to the motion for a Bill of Particulars, Rule 7(f) of the Federal

Rules of Criminal Procedure, 18 U.S.C. A., provides that "The court for cause may direct the filing of a bill of particulars". It is urged that the particulars requested would simply require the government to state the overt acts upon which the indictment is based. If this were done, it would in my opinion, force the government to spread before the accused its entire case. Such is not the function of a Bill of Particulars. Accordingly, that motion is also denied. American Tobacco Co. v. U. S., 6 Cir., 147 F.2d 93; Hughes v. U. S., 6 Cir., 114 F.2d 285.