**UNITED STATES of America, Plaintiff,**

v.

**Hugh BRYSON, Defendant.**
**Crim. A. No. 33630.**

United States District Court, N. D. California, S. D.
Aug. 14, 1953.

**451**

See also 16 F.R.D. 453.

Lloyd H. Burke, U. S. Atty., Lynn J. Gillard, Asst. U. S. Atty., San Francisco, Cal., for plaintiff.

Gladstein, Andersen & Leonard, San Francisco, Cal., for defendant.

OLIVER J. CARTER, District Judge.

The defendant is charged in two counts with a violation of 18 U.S.C. § 1001 for making and using a false writing and document, namely, an "Affidavit of Non-Communist Union Officer" (Form N.L.R.B. 1081) and mailing the same in San Francisco to the National Labor Relations Board in Washington, D. C., and thereby filing and causing to be filed said affidavit with the National Labor Relations Board in Washington, D. C., knowing the same to contain a false, etc. statement. In Count 1 the alleged false statement is that the defendant was not a member of the Communist Party, and in Count 2 the alleged false statement is that the defendant was not affiliated with the Communist Party.

The substance of the challenges made to the present indictment was made before Judge Murphy on the hearing of the motions made by the defendant in the case of United States v. Bryson, Criminal No. 33559, D.C., 16 F.R.D. 477, and they were decided adversely to the defendant. The present indictment is simply a corrective indictment and differs from No. 33559 only in respect to the allegations of mailing in this District for the purpose of more clearly establishing venue in this District. These allegations do not change the basic theory of the indictment and, therefore, the ruling of Judge Murphy should be adhered to for the reasons set forth in his Order in No. 33559.

The challenge of the defendant to the venue of this action does raise a problem to which this court should give careful attention. The indictment pleads that the alleged false document was mailed or caused to be mailed by the defendant in the City and County of San Francisco, State of California, and within the Northern District of California, to the National Labor Relations Board in Washington, D. C. Section 159(h) of Title 29 U.S.C.A., requires the filing of the so-called non-Communist affidavit with the Board by the officers of a labor organization seeking the benefits of the Labor Management Relations Act. The officer is required to state that " * * * he is not a member of the Communist Party or affiliated with such party, * * *." Title 18 U.S.C. § 1001 provides:

"Whoever, in any matter within the jurisdiction of any department or agency of the United States knowingly and willfully falsifies, conceals or covers up by any trick, scheme, or device a material fact, or makes any false, fictitious or fraudulent statements or representations, or makes or uses any false writing

or document knowing the same to contain any false, fictitious or fraudulent statement or entry, shall be fined not more than $10,000 or imprisoned not more than five years, or both."

Paragraph VII of the motion to dismiss alleges:

"There is no venue in the Northern District of California in that the indictment charges that the defendant filed and caused to be filed the alleged false writing and document with the National Labor Relations Board, an agency of the United States, in Washington, D. C., and not in this district."

The government relies on 18 U.S.C. § 3237 to meet this challenge. That Section provides:

"Except as otherwise expressly provided by enactment of Congress, any offense against the United States begun in one district and completed in another, or committed in more than one district, may be inquired of and prosecuted in any district in which such offense was begun, continued, or completed.

"Any offense involving the use of the mails, or transportation in interstate or foreign commerce, is a continuing offense and, except as otherwise expressly provided by enactment of Congress, may be inquired of and prosecuted in any district from, through, or into which such commerce or mail matter moves."

It is the position of the government that the indictment alleging mailing of the alleged false affidavit in the Northern District of California and filing in the District of Columbia is sufficient to bring venue in the former District and to invoke the venue provisions of Section 3237. Research does not disclose any cases directly construing the applicability of Section 3237 to Section 1001, but under old Section 80, the predecessor to Section 1001, the court said that there was venue in both the District of mailing and the District of filing. United States v. Eisler, D.C., 75 F.Supp. 634. In other actions not related to Section 1001 it has been held that the District where the mailing took place has venue. Bridgeman v. United States, 9 Cir., 1905, 140 F. 577; United States v. Downey, D.R.I.1919, 257 F. 366; In re Palliser, 1890, 136 U.S. 257, 10 S.Ct. 1034, 34 L.Ed. 514; United States v. Lombardo, 1916, 241 U.S. 73, 36 S.Ct. 508, 60 L.Ed. 897.

The import of Section 3237 and the cases above cited seem to support the contention of the government. Therefore, as a matter of pleading the court must rule that the motion to dismiss on the ground of improper venue is not well taken. However, since this is a problem of pleading, and since the conclusion reached is not free from question as a matter of pleading without consideration of the problem of proof, the court should point out that the problem would not be present if the indictment was returned in the district in which the alleged false affidavit was filed. It is only necessary to point to the recent case of Bridges v. United States, 346 U.S. 209, 73 S.Ct. 1055, to illustrate the point.

It is therefore ordered that the motions of the defendant to:

1. Dismiss the indictment,

2. Compel election, and

3. For a bill of particulars

are, and each of them is, hereby denied.