**WRIGHT v. LOONEY, Warden.**
**No. 4771.**

United States Court of Appeals,
Tenth Circuit.
April 16, 1954.
Rehearing Denied May 13, 1954.

Cecil L. Wright, appellant, pro se.

George Templar, U. S. Atty., Arkansas City, Kan., for appellee.

Before PHILLIPS, Chief Judge, and BRATTON and MURRAH, Circuit Judges.

MURRAH, Circuit Judge.

This is an appeal from a judgment of the trial court denying the appellant's petition for a writ of habeas corpus on the grounds that the petition presented no question cognizable in a habeas corpus proceeding.

The petitioner is now serving a sentence under a judgment of the district court for the Eastern District of Illinois for the unlawful possession and transportation of firearms in interstate commerce, in violation of Title 15 U.S.C.A. § 902(e). He has heretofore attacked the validity of that judgment in a proceeding under Title 28 U.S.C.A. § 2255 in which he challenged the constitutionality of the statute under which he was tried and sentenced, and that remedy is exclusive. Holloway v. Looney, 10 Cir., 207 F.2d 433; Clough v. Hunter, 10 Cir., 191 F.2d 516; Barnes v. Hunter, 10 Cir., 188 F.2d 86; Nelson v. Looney, 10 Cir., 1954, 211 F.2d 89. The petitioner not having served the sentence under which he is confined, is not entitled to any relief in habeas corpus.

The judgment is affirmed.

PHILLIPS, Chief Judge (concurring).

I concur in the result. However, I desire to reserve the question whether, when a prisoner has filed a motion under 28 U.S.C.A. § 2255, which sets up facts entitling him to have his sentence vacated, set aside, or corrected under the provisions of that section, has supported his motion by proof, has been denied relief, and has been denied the right to prosecute an appeal in forma pauperis, the remedy under § 2255 is inadequate or ineffective.

Here, the petitioner's motion under § 2255 was wholly without merit.