**UNITED STATES of America,**
**Plaintiff,**

v.

**Hugh BRYSON, Defendant.**
**No. 34105.**

United States District Court
N. D. California, S. D.

Sept. 28, 1954.

Lloyd M. Burke, U. S. Atty., San Francisco, Cal., for plaintiff.

Gladstein, Andersen & Leonard, San Francisco, Cal., for defendant.

MURPHY, District Judge.

This is a motion by the Government to vacate an order of the United States District Court for the District of Columbia and to quash a subpoena served under Fed.Rules Crim.Proc. rule 17(c), 18 U.S.C.A., which is supplemental to that order. Defendant moves to quash the Government's motion.

The indictment was brought in the District of Columbia charging, in three counts, violations of Title 18 U.S.C. § 1001, namely, that Bryson filed with the National Labor Relations Board NLRB Form 1081, "Affidavit of a Noncommunist Union Officer", knowing that the same contained false representations to wit:

(1) That he was *not a member of* the communist party—charged in count one.

(2) That he *was not affiliated with* the communist party—charged in count two.

(3) That he *did not support* any organization that believed in or taught the overthrow of the United States Government by force, here specifically the communist party—charged in count three.

Defendant filed eight motions in the District of Columbia: (1) Motion to dismiss indictment; (2) Motion for Bill of Particulars; (3) Motion for Supplemental Bill of Particulars; (4) Motion for list of Government witnesses; (5) Motion for Discovery under Rule 16; (6) Motion to inspect certain documents in hands of United States Attorney under Rule 17(c); (7) Motion for a hearing on the qualifications of the Grand Jury; (8) Motion for transfer of the proceedings to the Northern District of California under Rule 21(b).

After the filing of memorandums and oral argument Judge Morris granted certain of the motions and parts of others. The motion to vacate encompasses Judge Morris' whole order. The ruling on the motion to transfer was reserved until the filing of the bill of particulars. The Government filed a motion for rehearing on certain of the motions granted which was denied.

The Government bill of particulars alleged that (1) the jurat of the affidavit was executed in San Francisco, California, and (2) the affidavit was mailed to the board in San Francisco and received by the board by mail. The defendant filed an admission to the effect that he signed and executed the affidavit in San Francisco, which was mailed at his request from that city. Judge Morris then ordered the case transferred to this District under Rule 21(b).

We are met at the threshold with the problem of whether venue is now properly laid in this District. I take it that this Court, or indeed any other District Court has jurisdiction of criminal offenses against the United States, 18 U.S.C. § 3231, and thus this offense. Proving proper venue is part of the Government's case without which there can be no conviction. U. S. v. Brothman, 2 Cir., 1951, 191 F.2d 70; U. S. v. Jones, 7 Cir., 1949, 174 F.2d 746; Moran v. U. S., 6 Cir., 1920, 264 F. 768. Unless venue is properly laid, or unless any defect can be waived by the defendant and has already been waived, it is absurd for this Court to extend the use of its proceedings toward a conclusion which in the end may be nugatory. Cf. In re Schwindt, D.C.OR.1947, 74 F.Supp. 618. We need not trace this problem to the disposal of criminal cases in the vicinage which predates the Norman Conquest for it has been crystalized in the Constitution. Article III, Sec. 2, provides in part:

"The Trial of all Crimes, * * * shall be by Jury; and such Trial shall be held in the State where the

said Crimes shall have been committed; * * *."

And in the Sixth Amendment it is provided:

"In all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial, by an impartial jury of the State and district wherever the crime shall have been committed, * * *."

Venue is now governed by Rule 18 which dictates that "Except as otherwise permitted by statute or by these rules, the prosecution shall be had in a district in which the offense was committed."[1] A transfer under Rule 21(b), which occurred here, requires that two conditions be met: (1) that it appear from the indictment or information, or from a bill of particulars "that the offense was committed in more than one district" one of which must be the district to which the proceedings are transferred, and (2) that the transferring court be satisfied the proceeding should be transferred in the interests of justice.[2]

■■ Thus proper venue in this district, either as a constitutional matter or as a matter of the rules depends upon the indictment and bill of particulars showing that the offense was committed in this District. There is dicta to the effect that a Rule 21(b) transfer is not reviewable by the receiving district. Holdsworth v. U. S., 1 Cir., 1950, 179 F. 2d 933, 937.[3] I agree that the transfer insofar as it is discretionary with the transferring court probably can not, and

at least should not be reviewed by the receiving court in the absence of a change of circumstances. The question of whether the interests of justice will be served by transfer is discretionary. But the other necessary condition of transfer —that the offense was committed in the receiving district—I do not view as discretionary. I consider it proper, indeed my duty, to review this determination, at least to insure that the exercise of jurisdiction by this Court will not be impotent.

■ There is doubt in my mind that the offense charged is of a type that can be committed in this District by executing and mailing the affidavit here. Cf. U. S. v. Valenti, 3 Cir., 1953, 207 F.2d 242; see Judge Goodman's Order granting leave to dismiss indictment in U. S. v. Bryson, Crim.No.33559 and 33630, D. C.N.D.Cal.1953, 16 F.R.D. 453, and cf. Judge Carter's Order in Crim.No. 33630, D.C.N.D.Cal.1953, 16 F.R.D. 450. But as I view the venue problem, I need not decide this question. The defendants have waived any question of proper venue by requesting the transfer.

■ The Circuits which have considered the problem have uniformly held that the constitutional provisions are not jurisdictional and can be waived. Second Circuit: U. S. v. Jones, 2 Cir., 1947, 162 F.2d 72; U. S. v. Lotsch, 2 Cir., 1939, 102 F.2d 35; Third Circuit: cf. U. S. v. Gallagher, 3 Cir., 1950, 183 F.2d 342; Sixth Circuit: Shetterly v. U. S., 6 Cir., 1953, 205 F.2d 834; cf. Earnest v. U. S.,

1. This venue provision was substantially the same before the Rules and was contained in a statute—former Sec. 114 of Title 28.

2. Rule 21(b) is not technically an exception to Rule 18 since its exercise requires that the offense be committed in the district to which the proceedings are transferred. Venue was and is properly laid in which the crime was committed. 18 U.S.C. § 3237. Formerly in the case of a crime committed

in two districts, the Attorney General was required to make an election. Haas v. Henkel, 1910, 216 U.S. 462, 30 S.Ct. 249, 54 L.Ed. 569. The proper district is now in the discretion of the court under Rule 21(b).

3. The Holdsworth case held that an order by the receiving court holding that venue was not properly laid there and returning the case to the sending court was interlocutory and therefore not reviewable.

6 Cir., 1952, 198 F.2d 561; Eighth Circuit; cf. Levine v. U. S., 8 Cir., 1950, 182 F.2d 556, certiorari denied 340 U.S. 921, 71 S.Ct. 352, 95 L.Ed. 665; Ninth Circuit: Rodd v. U. S., 9 Cir., 1947, 165 F.2d 54; cf. Nemec v. U. S., 9 Cir., 1950, 191 F.2d 810; Tenth Circuit: Mahaffey v. Hudspeth, 10 Cir., 1942, 128 F.2d 940; District of Columbia Circuit; Hagner v. U. S., 1931, 60 App.D.C. 335, 54 F.2d 446, affirmed 1932, 285 U.S. 427, 52 S.Ct. 417, 76 L.Ed. 861, holding that the constitutional question need not be decided.[4] Although none of these cases discussed the waiver of a venue provision contained in the Rules or in a statute, nearly all of them were decided while venue was controlled by former Section 114 of Title 28 which provided that all prosecutions shall be had "within the division of such districts where the same were committed * * *." Venue as between divisions could be waived. Silverberg v. U. S., 5 Cir., 1925, 4 F.2d 908. If venue as a constitutional right can be waived, venue as a statutory right certainly can be.

■ The defendant has waived any question of proper venue. There is dicta in Holdsworth v. U. S., 1 Cir., 1950, 179 F.2d 933, 937, that a request to the transfer under Rule 21(b) is such a waiver. This circuit has held that the objection to venue is waived by failure to object in the trial court even when the indictment shows on its face that venue is not properly laid. Rodd v. U. S., 9 Cir., 1947, 165 F.2d 54. Although the venue question can normally be raised even by a motion for judgment of acquittal and the time for any such motion appears to be in the distant future, I hold that the defendant's acts here have finally and unequivocally waived any question of venue. I can think of no more explicit choice of forum than that exercised here.

Proper venue in this case is a close question. The defendant's attorney made a motion for transfer under Rule 21(b) supported by a twenty-four page memorandum of points and authorities. The defendant filed a three page affidavit insisting that justice could be served only in this District and stating that the transfer would be in accord with the principles of Rule 18, the Sixth Amendment and Article III of the Constitution. The Government originally opposed the motion but when the defendant signed an admission of the facts on which he based his application under Rule 21(b), the Government withdrew the objection.

Defendant in a prior similar indictment brought in this District moved to dismiss on the grounds that venue was not properly laid here—the opposite of the position taken in the case in the District of Columbia. This vacillation is at an end. This case will not be whipsawed between districts. The case will be tried here.

This brings us to the motion to vacate the order of the District of Columbia District Court.

■ The first question is the power of the court to vacate such an order. Rule 21(c) provides that when a transfer is ordered the file shall be transferred to the receiving court "and the prosecution shall continue in that district or division." This rule envisions a continuity of procedure and under it this Court has the same power as would obtain in the transferring court had the case not been so transferred. Interlocutory orders are not res adjudicata, In re Walton Hotel Co., 7 Cir., 1940, 116 F.2d 110, and courts possess the power to modify them.

Although defendant's counsel in his motion to quash the Government's mo-

---

4. Judge Fee is of a different view. See U. S. v. Bink, D.C.Or.1947, 74 F.Supp. 603; cf. U. S. v. Bishop, D.C.Or.1948, 76 F.Supp. 866. See U. S. v. Holdsworth, D.C.Me.1949, 9 F.R.D. 198, which treats the constitutional provision as jurisdictional. This approach was disapproved on appeal. Holdsworth v. U. S., 1 Cir., 1950, 199 F.2d 933.

tion intimates that the prior adjudication is final, in oral argument he conceded that the power to vacate exists. Defendant insists, rather, that the power should not be exercised here.

He argues that sound judicial procedure requires that once a matter has been fully presented, argued and decided, it should be laid at rest in the absence of a showing of new circumstances. In a broad sense this approach is eminently sound.

There is another factor present here. Although pre-trial procedures in all districts are governed by substantially the same rules and should therefore be uniform in content and approach, the sad and plain fact is that in practice they are not. The pre-trial procedure has no function independent of the trial itself. It is auxiliary and subordinate to the trial. I am firmly convinced that such procedure should reflect and be consistent with, indeed be governed by, the procedure in the district where the trial will be had. After a careful reading of all the file, I believe that had the motions been presented to me as an original proposition, I would have denied them all. But this is not the test. Insofar as the prior ruling is based upon an approach to criminal trials which is different from the approach that exists in this District or conflicts with the settled practice in this District, the order should be vacated. The individual portions of the order of the District of Columbia Court will be taken up seriatim.

A. *The defendant's Motion for a Bill of Particulars*. The approach to this problem is considerably different in the courts of District of Columbia and in the Courts in this Circuit. Compare U. S. v. Lattimore, D.C.D.C.1953, 112 F. Supp. 507, with Remmer v. U. S., 9 Cir., 1953, 205 F.2d 277. See Frederick v. U. S., 9 Cir., 1947, 163 F.2d 536. I can only reiterate what I said in the same matter in Criminal No. 33559 (N.D.Calif.1953), and which was reaffirmed by Judge Carter in Criminal No. 33630 (N.D.Calif. 1953). I believed it to be the law in this Circuit then, and believe it to be now. "It is urged that the particulars requested would simply require the Government to state the overt acts upon which the indictment is based. If this were done, it would, in my opinion, force the Government to spread before the accused the entire case. Such is not the function of a bill of particulars". That portion of the order will be vacated.

B. *Motion for a List of Government Witnesses*. The District of Columbia Court ordered that the Government furnish to defendant a list of witnesses the Government intended to present at the trial, but provided that the Government could use other witnesses as the exigencies of the trial might warrant with the understanding that appropriate notice thereof and opportunity to inspect signed statements be given to defense under conditions imposed by the court in its discretion. The short answer is that this is not done in this District. It is perfectly clear that no right exists in a non-capital case to obtain these names. With no intention to disparage in any way the attorneys or indeed anyone connected with this case, this Court recalls that in a case not so long ago tried here, it was necessary here to guard the Government witnesses and that when the guards were removed one witness was severely beaten. We would be naive if we did not recognize that witnesses in criminal cases are subject to pressures from all sides. The rights of the defendant against undue surprise can be, and I am sure will be, amply protected by the trial judge. This portion of the order will be vacated. As an aside, we might add that the defendant already knows the names of some thirteen government witnesses. The practice in the District of Columbia of requiring a plea and setting a trial date on arraignment put in motion the subpoena process to the Government witnesses. The returns to these subpoenas are in the file.

C. *Order under Rule 16.* The District of Columbia Court ordered the discovery and inspection of all books, papers and documents obtained by the Government from the defendant and all such items obtained from others by seizure and process. Rule 16 is a discovery rule and this type of material can be reached by the Rule in this District upon a showing of good cause. Although from my reading of the file no such good cause has been shown, the procedure used does not conflict with that used in this District. The discretion of the District of Columbia Court in deciding that good cause exists will not be overturned. The motion to vacate as to that portion of the order is denied.

D. *Inspection pursuant to Rule 17(c).* The District of Columbia Court ordered the United States Attorney to produce before trial all written statements of the defendant and any statements of witnesses signed or prepared by them, material to the instant charge, in the hands of the United States Attorney. The District Judge relied expressly on Fryer v. United States, D.C. Cir., 1953, 207 F.2d 134. That case is certainly the law in the District of Columbia Circuit when applied to a capital case, but there is disagreement among the District Judges in the District of Columbia as to its applicability in noncapital cases. See Judge Holtzoff's opinion U. S. v. Carter, D.C.D.C.1954, 15 F.R. D. 367. In any event, the Fryer case is not the law in this District. U. S. v. Herzog, D.C.N.D.Cal.1954, 33968. The prior order will be vacated. There will be substituted an order directing the United States Attorney to allow prior to trial the inspection of any written, signed statements by the defendant. These are evidentiary. The United States Attorney will be directed to exhibit to defense counsel at the trial after any witness is called and sworn in behalf of the Government, any and all written, signed statements previously obtained by the Government from that witness.

The defendant's motion to quash the Government's motion to vacate is denied.

The United States Attorney will prepare and submit an appropriate order.