**Norvell M. BICKFORD, Appellant,**

v.

**C. H. LOONEY, Warden, Appellee.**

**No. 5034.**

United States Court of Appeals,
Tenth Circuit.

Jan. 28, 1955.

Colleen G. Van Nocker, Denver, Colo., for appellant.

Selby S. Soward, Asst. U. S. Atty., Topeka, Kan. (William C. Farmer, U.

\* Now 18 U.S.C.A. §§ 2311–2313.

S. Atty., Wichita, Kan., was with him on the brief), for appellee.

Before PHILLIPS, Chief Judge, and MURRAH and PICKETT, Circuit Judges.

PHILLIPS, Chief Judge.

This is an appeal from an order discharging a writ of habeas corpus. Bickford, hereinafter referred to as the petitioner, was charged by indictment containing two counts, returned in the United States District Court for the District of Arizona, March 13, 1947. The first count charged a violation of 18 U. S.C. § 408, 1940 Ed.\* The indictment is not set forth in the record, but the application for the writ alleged that the second count charged that Bickford kidnapped three persons and transported them in interstate commerce from the City of Las Vegas in the State of Nevada to a point near Holbrook in the State of Arizona. It seems to be conceded that the indictment did not charge either that the kidnapped persons were released unharmed or that they were released harmed. The petitioner entered pleas of guilty to both counts and was sentenced to imprisonment for a term of 20 years.

The Sixth Amendment to the Constitution of the United States provides that the accused shall enjoy the right to a speedy and public trial, by an impartial jury of the State and District wherein the crime shall have been committed.

If we understand the petitioner's contention, it is that since the second count of the indictment did not charge that the kidnapped persons were released unharmed, it charged a capital offense and that the Arizona court was without jurisdiction of the offense charged in such second count; and that since he has served the maximum term which could be imposed for the offense charged in the first count of the indictment, he is entitled to be discharged.

18 U.S.C. § 408a, 1940 Ed.† in part reads:

† Now 18 U.S.C.A. § 1201.

"Whoever shall knowingly transport or cause to be transported, * * * in interstate or foreign commerce, any person who shall have been unlawfully * * * kidnaped, * * * by any means whatsoever and held for ransom or reward or otherwise, * * * shall, upon conviction, be punished (1) by death if the verdict of the jury shall so recommend, provided that the sentence of death shall not be imposed by the court if, prior to its imposition, the kidnaped person has been liberated unharmed, or (2) if the death penalty shall not apply nor be imposed the convicted person shall be punished by imprisonment in the penitentiary for such term of years as the court in its discretion shall determine: * *."

18 U.S.C.A. § 3235 provides:

"The trial of offenses punishable with death shall be had in the county where the offense was committed, where that can be done without great inconvenience." Formerly 28 U.S.C. § 101, 1940 Ed.

■ The offense defined in 18 U.S.C. § 408a, 1940 Ed., embraces the element of transportation in interstate commerce and the offense charged in the second count of the indictment was not completed until there had been a transportation from the State of Nevada into the State of Arizona. Whether it was punishable by death or by imprisonment depended upon the condition of the kidnapped persons when they were released in Arizona.

■ 28 U.S.C. § 41, 1940 Ed.,** expressly conferred upon the district courts of the United States original jurisdiction of all offenses against the laws of the United States. Hence the question presented is one of venue, not jurisdiction.[1] The right of an accused to be tried in a particular venue is a personal privilege which may be waived.[2]

** Now 18 U.S.C.A. § 3231.

1. Mahaffey v. Hudspeth, 10 Cir., 128 F. 2d 940, 942.

The contention made by the petitioner is wholly without substance. The order discharging the writ is affirmed.

MURRAH (concurring specially).

I concur in the disposition of this case solely on the ground that petitioner's remedy under Section 2255, 28 U.S. C.A., asserted and fully litigated in United States v. Bickford, D.C., 96 F. Supp. 580, affirmed 9 Cir., 194 F.2d 1013, was exclusive and dispositive of the relief petitioner seeks here. See Wright v. Looney, 10 Cir., 212 F.2d 186.

2. Mahaffey v. Hudspeth, 10 Cir., 128 F.2d 940, 942; United States v. Gallagher, 3 Cir., 183 F.2d 342, 346.