**UNITED STATES of America,**
**Plaintiff,**

v.

**Jessie Bert BISHOP, Jr., Defendant.**
**Crim. No. 4139.**

United States District Court
D. Montana,
Butte Division.
Oct. 13, 1965.

---

4. See paragraph 17 of complaint.

318

R. Lewis Brown, Butte, Mont., for defendant.

Robert T. O'Leary, Asst. U. S. Atty., Butte, Mont., for plaintiff.

MURRAY, Chief Judge.

The motion of the defendant to dismiss the indictment herein, together with the briefs in support of and in opposition to said motion, having been considered by the court, and the court being fully advised in the premises,

Now, therefore, it is ordered and this does order that said motion to dismiss be and the same is hereby denied.

Defendant is charged with a violation of the federal kidnapping statute, 18 U. S.C. § 1201, which provides in part:

"Whoever knowingly transports in interstate or foreign commerce, any *person* who has been unlawfully seized, confined, inveigled, decoyed, kidnaped, abducted, or carried away and held for ransom or reward or otherwise, except, in the case of a minor, by a parent thereof, shall be punished (1) by death if the kidnaped person has not been liberated unharmed, and if the verdict of the jury shall so recommend, or (2) by imprisonment for any term of years or for life, if the death penalty is not imposed."

The indictment charges:

"That on or about the 27th day of May, 1965, Jessie Bert Bishop, Jr., did knowingly transport in interstate commerce from Butte, in the State and District of Montana, to Spokane, State of Washington, Joseph M. Fogarty and Arthur Ellingson who had theretofore been un-

lawfully seized, kidnapped, carried away and held by Jessie Bert Bishop, Jr., for the purpose of preventing Joseph M. Fogarty and Arthur Ellingson from reporting to law enforcement officials the fact of a robbery which had occurred immediately prior to the offense herein charged."

■■ The first ground upon which the motion to dismiss the indictment is made is that it fails to state facts sufficient to constitute an offense against the United States. Defendant argues that because the indictment identifies the kidnap victims only by their proper names and does not specify that they were "persons" it fails to state an offense under Section 1201. No case covering the precise point has been cited, and the court has been unable to find one. However, the court is of the opinion that the indictment is sufficient. As the Court of Appeals for the Ninth Circuit pointed out in Ochoa v. United States, 167 F.2d 341, 345, "The precision and detail formerly held necessary to charge an offense are no longer required" under the Federal Rules of Criminal Procedure. In this case, as in the Ochoa case, "there is obviously absent any conceivable element of prejudice" to defendant in the failure of the indictment to identify the kidnap victims as persons, and the indictment refers to the statute which is charged to have been violated.

■ The Appendix of Forms following the Federal Rules of Criminal Procedure contains no form for a kidnapping indictment. Form 2 of the Appendix, however, is the form for a first degree murder indictment under 18 U.S.C. § 1111, which defines murder as "the unlawful killing of a *human being* with malice aforethought". The form, after alleging the jurisdiction of the United States, simply charges that "John Doe with premeditation shot and murdered John Roe" without specifying that John Roe was a human being. By analogy it should be no more necessary to specifically identify the victim in a kidnapping indictment as a "person" than it is to identify the victim in a murder indictment as a "human being". While Rule 58 of the Federal Rules of Criminal Procedure states that the forms are illustrative and not mandatory, it requires a strong showing for a court to hold that the forms are legally insufficient. United States v. Bagdasian, 4 Cir., 291 F.2d 163; United States v. Suchman, D.C., 206 F. Supp. 688; and the forms were prescribed by the Supreme Court, Ochoa v. United States, supra.

■ The second ground of the motion to dismiss is that the indictment does not state facts sufficient to enable defendant to prepare a defense. Defendant contends that he is unable to determine from the indictment the proper venue of the case because of the following circumstances: The indictment fails to state whether the kidnapping victims were released harmed or unharmed and where. If they were released after being harmed, the offense, under the statute, 18 U.S.C. § 1201, is a capital offense, and the venue in capital cases is provided by 18 U.S.C. § 3235 to be in the county where the offense was committed, if trial can be had in that county without great inconvenience. Defendant further contends, and rightfully so, that the offense of transporting a kidnapped person is not completed until the transportation has ended, and that therefore the crime is committed in the county where the transportation ends. Bickford v. Looney, 10 Cir., 219 F.2d 555. On the other hand, the government contends that venue of this case is governed by 18 U.S.C. § 3237, which provides with respect to offenses begun in one district and completed in another or committed in more than one district that the venue is in any district in which the offense was begun, continued or completed.

■ In Smith v. United States, 360 U.S. 1, 79 S.Ct. 991, 3 L.Ed.2d 1041, the Supreme Court makes it clear that an indictment under the kidnapping statute,

18 U.S.C. § 1201, which fails to allege whether the victim was released harmed or unharmed, as does the indictment herein, charges a capital offense. The Supreme Court also makes it clear in the Smith case that the place of trial of such an indictment is fixed by 18 U.S.C. § 3235 rather than 18 U.S.C. § 3237. Therefore, it follows that the proper venue of the present indictment, charging transportation of the kidnapped victims from Butte, Montana, to Spokane, Washington, is in Spokane, Washington, rather than Butte, Montana.

■ It does not follow, however, that because the venue has been improperly laid by procuring the indictment in Butte rather than Spokane that dismissal of the indictment must result. As the court in Bickford v. Looney, supra, pointed out at page 556 of 219 F.2d:

"28 U.S.C. § 41, 1940 Ed. (now 18 U.S.C. § 3231) expressly conferred upon the district courts of the United States original jurisdiction of all offenses against the laws of the United States. Hence the question presented is one of venue, not jurisdiction. The right of an accused to be tried in a particular venue is a personal privilege which may be waived."

See also United States v. Polin, 3 Cir., 323 F.2d 549, 556, 557.

■ Defendant has already entered a plea of not guilty in this case. Rule 12 (b) (3) of the Federal Rules of Criminal Procedure provides that a motion, such as the instant one, attacking indictments or raising defenses or objections shall be made before a plea is entered, but that the court may permit it to be made within a reasonable time thereafter. The court finds that the motion was made within a reasonable time after the entry of the plea, and that defendant has not waived his right to challenge the venue by pleading prior to filing the motion.

■ It is not clear from the present motion, however, whether defendant desires to claim or waive his privilege of having this case tried in Spokane. Defendant is presently committed to the Montana State Hospital where he is undergoing mental examinations in connection with a possible defense of insanity to the present charge. Such commitment was ordered on September 29, 1965, and is for a period of not to exceed 30 days. Defendant is granted 10 days after his return to the custody of the U. S. Marshal for this district from the Montana State Hospital within which to move for change of venue if he is so advised. Failure to make such motion within the 10 days will be deemed a waiver of venue.