## TIMONEN v. UNITED STATES.

(Circuit Court of Appeals, Sixth Circuit. February 16, 1923.)

### No. 3743.

Criminal law ⬤➩395—Evidence seized by state police admissible.

Whisky taken from the possession of defendant on his arrest by state police officers is not inadmissible against him in a prosecution in a federal court, because such officers had no search warrant, where it did not appear that they were acting by federal authority.

In Error to the District Court of the United States for the Western District of Michigan; Clarence W. Sessions, Judge.

Criminal prosecution by the United States against Oscar Timonen. Judgment of conviction, and defendant brings error. Affirmed.

Martin S. McDonough, of Iron River, Mich., for plaintiff in error. Edward J. Bowman, U. S. Atty., of Grand Rapids, Mich.

Before KNAPPEN, DENISON, and DONAHUE, Circuit Judges.

PER CURIAM. There was no testimony given, or offered, substantially tending to show that the state police, who made the seizure of the moonshine whisky put in evidence, were acting by federal authority. Their acts were equally pertinent to the enforcement of the Michigan statute. The acceptance and use by the federal government of evidence which the state agents have seized is not retroactive to make the seizure a federal act, and proof that the state police were co-operating with the federal agents, and turned over to them those cases which, like this, the police thought appropriate for prosecution under the Volstead Act (41 Stat. 305), falls far short of showing that they were representing the United States government in making this arrest and seizure. Hence the Fourth and Fifth Amendments do not apply. Weeks v. U. S., 232 U. S. 383, 398, 34 Sup. Ct. 341, 58 L. Ed. 652, L. R. A. 1915B, 834, Ann. Cas. 1915C, 1177; Burdeau v. McDowell, 256 U. S. 465, 475, 41 Sup. Ct. 574, 65 L. Ed. 1048, 13 A. L. R. 1159. It is unnecessary to consider what would have been the result of the same conduct by federal agents.

The judgment is affirmed.