### HOWELL v. UNITED STATES. *

(Circuit Court of Appeals, Sixth Circuit. January 11, 1927.)

No. 4749.

**Poisons ⊜⟹9—Indictment for unlawful purchase of narcotic drugs held sufficient (Harrison Narcotic Act, § 1, as amended by Act Feb. 24, 1919, § 1006 [Comp. St. § 6287g]).**

An indictment charging defendant with the purchase of narcotic drugs, not in or from the original stamped package, charges an offense under Harrison Narcotic Act, § 1, as amended by Act Feb. 24, 1919, § 1006 (Comp. St. § 6287g), and an additional averment that he had such drugs in his possession in packages to which stamps were not affixed is of evidence only, and may be disregarded as surplusage.

*Rehearing denied March 18, 1927.

In Error to the District Court of the United States for the Western District of Tennessee; Anderson, Judge.

Criminal prosecution by the United States against C. D. Howell. Judgment of conviction, and defendant brings error. Affirmed.

Thos. J. Walsh, of Memphis, Tenn., for plaintiff in error.

W. H. Fisher, Asst. U. S. Atty., of Memphis, Tenn. (Lindsey B. Phillips, U. S. Atty., and Herbert L. Harper, Asst. U. S. Atty., both of Memphis, Tenn., on the brief), for the United States.

Before DENISON and MOORMAN, Circuit Judges, and GORE, District Judge.

PER CURIAM. The indictment on which plaintiff in error was convicted charged him with unlawfully purchasing a quantity of morphine and heroin not in or from the original stamped package. It stated an offense against Narcotic Act, § 1, as amended by Act Feb. 24, 1919, § 1006 (Comp. St. § 6287g), under Weaver v. United States (6 C. C. A.) 15 F.(2d) 38, and authorities there cited. The further allegation that defendant unlawfully had in possession "the aforesaid quantity of morphine and heroin in packages to which had been affixed no appropriate tax-paid stamps" was a mere statement of evidence, and was rightly treated as surplusage in the lower court.

It is not necessary to decide whether evidence of possession of narcotics at the place and on the date alleged in the indictment, when not satisfactorily explained, is sufficient proof of venue to warrant conviction of an unlawful purchase (but see Rosenberg v. United States, 13 F.[2d] 369; Yee Hem v. United States, 268 U. S. 178, 45 S. Ct. 470, 69 L. Ed. 904, and Brightman v. United States [C. C. A.] 7 F.[2d] 532), since there was, we think, sufficient evidence to submit the case to the jury on that question. The accused had more drugs than any lawful usage required. Officers had previously seen him go into a certain house in the city of Memphis and return to his waiting automobile counting money. On the date of his arrest they saw him drive up to the same house, and, upon arresting him, found in the automobile a can of morphine and a bottle of heroin. He said to them that he had bought the drugs a few days before, but in a later statement said they had been left with him at his home in Memphis, with the request that he deliver them to a friend. These statements were put in evidence. With other circumstances of his arrest and his conduct thereafter, they were

sufficient to authorize a finding that the drugs were obtained by him in Memphis. His statement that they were given to him for delivery to another does not overcome, as a matter of law, the presumption arising from possession and the other evidence tending to show unlawful purchase. That question was also for the jury.

Judgment affirmed.