## GOWLING v. UNITED STATES.
### No. 6289.

Circuit Court of Appeals, Sixth Circuit.
March 18, 1933.

Rehearing Denied May 10, 1933.

Ralph Davis, of Memphis, Tenn., for appellant.

Bailey Walsh, of Memphis, Tenn. (Dwayne D. Maddox, of Memphis, Tenn., and H. C. Murchison, of Jackson, Tenn., on the brief), for the United States.

Before HICKS, HICKENLOOPER, and SIMONS, Circuit Judges.

HICKS, Circuit Judge.

Appellant was convicted on January 27, 1932, under both counts of an indictment, the first of which charged a purchase of unstamped opium in violation of the Harrison Anti-Narcotic Act (section 692, tit. 26, U. S. C. [26 USCA § 692]), and the second, the receiving, concealing, buying, and selling at the same time and place, of opium, which appellant knew had been unlawfully imported in violation of the Narcotic Import Statute (section 174, tit. 21, U. S. C. [21 USCA § 174]).

The assignments of error challenge (1) the court's action in overruling a demurrer to the indictment; (2) the sufficiency of the proofs to establish the venue; (3) the denial of a directed verdict; (4) the failure of the court to suppress the testimony of the government's witnesses Chatham and Caldwell as to the search for and seizure of twenty-seven and a half grains of opium, forty grains of yenshee, and other articles without a search warrant; (5) the action of the court in permitting the District Attorney to cross-exam-

ine appellant (a) as to his former conviction under the Harrison Anti-Narcotic Act, and (b) as to his connection with Charles Frank, who had been arrested in 1930 and convicted in June, 1931, of a violation of the act; and (6) the correctness of the charge.

First. The indictment is sufficient. Howell v. U. S., 17 F.(2d) 89 (C. C. A. 6); Rosenberg v. U. S., 13 F.(2d) 369 (C. C. A. 9). The merits of the demurrer are not discussed in the brief, and need not be further considered.

Second. The venue was sufficiently proved. The record establishes beyond controversy that the offense was committed in Memphis, which, we judicially know, is in the Western District of Tennessee. Moreover, the question of venue was not raised until after conviction, and therefore came too late.

Third. We think there was substantial evidence to support the verdict.

On November 21, 1931, Chatham, a police sergeant of Memphis, led a searching party, consisting of two other police sergeants, Caldwell and Solomon, and a deputy sheriff, Cox, to a combined brick dwelling and storehouse located on the southwest corner of Horn Lake road and Peeples avenue, Memphis. Appellant was found in his shirt sleeves standing in the yard. A Mrs. Bussey occupied the dwelling portion of the building. Chatham and appellant entered the kitchen from the rear, where Chatham found Mrs. Bussey and a little girl. Chatham took appellant, Mrs. Bussey, and the child from the kitchen through a bedroom, where appellant's wife was lying asleep, into a front room, and placed them in charge of Cox. Chatham and Caldwell then searched the house. Chatham found appellant's brief case and a coat and vest lying on the bed in a small room on the east side of the kitchen. He searched the pockets of the coat and vest, and discovered in one of the vest pockets a small unstamped box containing four indigestion tablets and some other tablets which, upon analysis, were found to be twenty-seven grains of opium. Chatham marked the box for identification, showed it to Caldwell, and delivered the vest to appellant, who put it on. This vest contained appellant's watch and chain. Chatham and Caldwell then searched the kitchen, where they found a greasy lamp, a lemon hull cut across the top, and a bottle. Upon analysis this lemon hull was found to contain about one hundred thirty grains of opium. In the bottle were forty grains of yenshee or opium ash.

The evidence as to the finding of twenty-seven grains of opium in the unstamped box in appellant's vest pocket was sufficient to establish a prima facie case against him and to authorize his conviction upon each count of the indictment based upon the statutes, supra, unless he explained the possession of the drug to the satisfaction of the jury. As to the second count see Yee Hem v. U. S., 268 U. S. 178, 45 S. Ct. 470, 69 L. Ed. 904. As to both counts see Copperthwaite v. U. S., 37 F.(2d) 846, 848 (C. C. A. 6).

Fourth. We do not think that it was reversible error to permit the district attorney to cross-examine appellant touching either his former conviction under the Harrison Anti-Narcotic Act or his connection with Charles Frank. Appellant made no contention that Chatham and Caldwell, or either of them, placed the opium in his vest pocket, or that these officers did not find it there, but testified that he could not account for its presence; that it was not there when he left the vest in the room, and that it was not placed there by him nor with his knowledge, and he insisted that the element of criminal intent was therefore lacking. He testified that he was not a drug addict; that he did not smoke opium; that he did not know that Mrs. Bussey smoked opium, and he explained his presence at the Bussey home by saying that he went there with his wife to arrange for the adoption of the little girl; that his brief case, which was found, contained a shaving outfit; and that he had removed his coat and vest for convenience while shaving. His testimony raised the principal issue, that is, of criminal intent.

It is settled that, when a defendant takes the stand in his own behalf, he does so as any other witness, and may be cross-examined as to the facts in issue and for the purpose of impeaching his credibility. Raffel v. U. S., 271 U. S. 494, 497, 46 S. Ct. 566, 70 L. Ed. 1054; Fitzpatrick v. U. S., 178 U. S. 304, 315, 20 S. Ct. 944, 949, 44 L. Ed. 1078. As was said in the Fitzpatrick Case, if he offers himself as a witness, "he has no right to set forth to the jury all the facts which tend in his favor without laying himself open to a cross-examination upon those facts." The extent to which the government may go in the cross-examination of a defendant in a criminal case for the purpose of impeachment is largely a matter of discretion with the trial judge. Powers v. U. S., 223 U. S. 303, 315, 32 S. Ct. 281, 56 L. Ed. 448; Silverman v. U. S., 59 F.(2d) 636, 639 (C. C. A. 1).

The fact that appellant had been previ-

ously convicted of a similar offense was relevant, not as substantive evidence upon which he could be convicted of the offense charged, but because it naturally and logically tended to weaken his claim that no criminal intent was shown. Holt v. U. S., 42 F.(2d) 103, 106 (C. C. A. 6); see also New York Mut. Life Ins. Co. v. Armstrong, 117 U. S. 591, 598, 6 S. Ct. 877, 29 L. Ed. 997; MacKnight v. U. S., 263 F. 832, 840 (C. C. A. 1); Thompson v. U. S., 144 F. 14, 20, 7 Ann. Cas. 62 (C. C. A. 1).

■ The cross-examination of appellant touching his relations with Charles Frank was for the same purpose as that touching his own prior conviction, and he was required, over objection, to state that he was with Frank just prior to Frank's arrest, and that he paid Frank's counsel fees and furnished money to secure his appearance bond. He explained that his only dealing with Frank was to take him to a motor company to negotiate for the purchase of a car, and that the money used to secure Frank's bond and to pay counsel fees was the money of Frank's wife, which he handled at her request.

Whether correctly or incorrectly, the court in effect stated in the presence of the jury that appellant's testimony in relation to the fees and expenses touched a collateral matter, and that the district attorney would be bound by his answers. With this statement by the court, the evidence complained of went to the jury with appellant's full explanation, and, if we should concede that it was possibly irrelevant to the inquiry, still we do not think that under the circumstances indicated any practical injustice was caused. We are not authorized to reverse except for errors affecting substantial rights. See section 391, 28 U. S. C. (28 USCA § 391).

■ Fifth. The court did not err in declining to suppress the testimony of the witnesses Chatham and Caldwell as to the search for and finding of the opium, yenshee, and other articles, without a search warrant. These witnesses were municipal officers. It was not shown that the search was made by them as agents for the government. Chatham, as a police sergeant, was assigned by headquarters to narcotic cases. When the incriminating articles were found, appellant and Mrs. Bussey were taken to the station, and the articles were placed in a vault there. Chatham had the police sergeant make the notation "hold for investigation." This seems to have ended Chatham's connection with the case other than as a witness in the District Court. While it is true that Chatham testified that he had no knowledge of a state law, or municipal ordinance, relating to the possession of narcotic drugs, this is not evidence that there was no such statute or ordinance. There was, in fact, a comprehensive statute of the state making the possession of opium and its derivatives a criminal offense (Public Acts Tenn. 1923, c. 91), and by the Code of Tennessee, 1932, § 6619, these police officers, as conservators of the peace, were required to aid in its enforcement, and for that purpose were clothed with the powers of the sheriff, and, in the absence of contrary evidence, it must be assumed that the police narcotic squad was organized and the search was made in enforcement of the state law. Weeks v. United States, 232 U. S. 383, 398, 34 S. Ct. 341, 58 L. Ed. 652, L. R. A. 1915B, 834, Ann. Cas. 1915C, 1177; Timonen v. United States, 286 F. 935 (C. C. A. 6). In this respect the case differs from Gambino v. United States, 275 U. S. 310, 317, 48 S. Ct. 137, 72 L. Ed. 293, 52 A. L. R. 1381.

■ Moreover, having denied the ownership and possession of the premises searched, and of the articles seized, appellant cannot avail himself of an objection to evidence of what the search revealed upon the ground that it was unlawful. See Holt v. United States, 42 F.(2d) 103, 105 (C. C. A. 6); Remus v. United States, 291 F. 501, 511 (C. C. A. 6); MacDaniel v. United States, 294 F. 769, 771 (C. C. A. 6).

■ Sixth. Appellant criticizes the following excerpt from the charge: "Now, Gentlemen, it boils down practically, or as a practical proposition, to a case of veracity between Sergeant Chatham and Caldwell on the one hand, and the defendant, James R. Gowling, on the other, and in that respect, and in that only, you are entitled to consider the previous conviction of Gowling. Gowling has paid his penalty for a previous violation of the narcotic law, and that is the only aspect in which you can consider his guilt or innocence of the present charge, and in that aspect you can consider it, among other elements, as to the truth or the lack of truth of the story that he tells from the witness stand, and you are entitled and are expected to weigh all of these things in arriving at a correct judgment, and you can consider this also, his relations with Frank, his relations with Mrs. Bussey, and the general atmosphere of a man as to whether he is innocent of the possession or the concealment of unlawful drugs, or smuggled drugs, as charged in that count."

He contends that the language, so used, unduly stressed the government's position,

and prejudicially conveyed to the jury the impression that the court thought appellant guilty. Considering this excerpt in connection with the charge as a whole, we do not regard it as subject to this criticism, for the court also said to the jury that "what I have to say, if anything, with respect to the facts, you are to disregard entirely," and again he said, "It is not for me to attempt to influence you in any way and if I did you should not be influenced by me because the matter is strictly in your hands—the responsibility is on you."

We do not therefore find any reversible error in the instruction complained of. Lovejoy v. U. S., 128 U. S. 171, 173, 9 S. Ct. 57, 32 L. Ed. 389; Shea v. U. S., 251 F. 440, 446 (C. C. A. 6).

Judgment affirmed.