Herschel **COLLINS**, Appellant,

v.

**UNITED STATES of America,**
Appellee.

No. 12630.

United States Court of Appeals
Sixth Circuit.

Feb. 1, 1956.

B. H. Hagey, Nashville, Tenn., for appellant.

Fred Elledge, Jr., Nashville, Tenn., for appellee.

Before ALLEN, MARTIN and MILLER, Circuit Judges.

PER CURIAM.

This appeal having been considered by the Court on the record and briefs of counsel for the respective parties;

And it appearing to the Court that the alleged illegal search and seizure without a warrant, complained of by the appellant, was by a state officer, who thereafter turned over to a Federal officer the evidence obtained by him through said search and seizure, which evidence was later used by the Government in the

trial and conviction of the appellant for the illegal possession of non-tax paid whiskey, Title 26, U.S.Code, § 2803(a);

■ And the Court being of the opinion from a consideration of all the facts pertaining to the controversy that the Government, through its agent, did not participate in the search and seizure, that the state officer was not acting for the Federal officer solely for the purpose of aiding in the enforcement of Federal law, and that said evidence was properly admitted in the trial; Burdeau v. McDowell, 256 U.S. 465, 41 S.Ct. 574, 65 L.Ed. 1048; United States v. Diuguid, 2 Cir., 146 F.2d 848; Butler v. United States, 10 Cir., 153 F.2d 993; Compare: Gambino v. United States, 275 U.S. 310, 48 S.Ct. 137, 72 L.Ed. 293; Lustig v. United States, 338 U.S. 74, 69 S.Ct. 1372, 93 L.Ed. 1819;

■ And the Court being also of the opinion that the subsequent arrest of the appellant by the Federal officer without a warrant was not illegal; Brubaker v. United States, 6 Cir., 183 F.2d 894, 897; and that appellant's contention with respect to venue is without merit; Gowling v. United States, 6 Cir., 64 F.2d 796, 798.

It is ordered that the judgment be affirmed.