**Carl L. MAUSER and Joseph M. Walker,**
**Appellants,**

v.

**UNITED SECURITY LIFE et al.,**
**Appellees.**

**No. 16261.**

United States Court of Appeals
Ninth Circuit.

May 5, 1959.

McLane & McLane, W. Lee McLane, Jr., Nola McLane, Thaddeus Rojek, John Jay Schwartz, Phoenix, Ariz., for appellants.

Jennings, Strouss, Salmon & Trask, Rex H. Moore, Charles R. Esser, Phoenix, Ariz., for appellees James E. Kelly, L. N. Kelly, Nina Dunn, J. L. Jenkins, and United Finance Corp.

Cordova, Goss & Mariscal, Harry T. Goss, Phoenix, Ariz., for appellees United Security Life, American Security Investment Co., Roslyn B. Croydon, Vernon E. Niesz, John D. Ballantyne and Edwin B. Pegram.

Gust, Rosenfeld, Divelbess & Robinette, G. H. Ladendorff, Pheonix, Ariz., for appellee Elmer W. Duhame.

Herbert Mallamo, Phoenix, Ariz., for appellee Angus A. DePinto.

Before HAMLEY and JERTBERG, Circuit Judges, and WOLLENBERG, District Judge.

**4**

PER CURIAM.

Two policyholders of United Security Life, a stock life insurance company, brought this diversity action against certain of the company's incorporators, directors, and principal stockholders.[1] The original complaint is not in the record before us. Other record references, however, indicate that the suit was intended as a secondary action on behalf of the life insurance company. The purpose of the suit was apparently to obtain repayment to that company of sums asserted to have been fraudulently and wrongfully converted.

Defendants moved to dismiss the original complaint upon the ground that only a stockholder may institute a secondary action on behalf of a stock life insurance company. This motion was granted with leave to amend. An amended complaint was filed. Since the original complaint is not before us, we are unable to determine the difference between the two pleadings. It is conceded by the parties, however, that in the amended complaint plaintiffs for the first time alleged that the life insurance company was rendered insolvent by the alleged acts of defendants.[2]

The amended complaint was dismissed on the same ground that led to dismissal of the original complaint. Plaintiffs elected to stand on the amended complaint and the cause was dismissed. Plaintiffs appeal.

In the briefs presented in this court the only question argued is whether a policyholder of an Arizona stock life insurance corporation may institute a secondary action on behalf of the corporation to recover the reserves taken from the corporation by its officers and directors. In oral argument, however, appellants made it clear that they also rely on the allegations of the amended complaint to the effect that the life insurance company is insolvent. Neither counsel was fully prepared to discuss this aspect of the case when the cause was orally argued in this court. Both conceded that the point had not been explicitly presented in the trial court.[3]

In view of this turn which the case has taken, we deem it appropriate to remand the cause to the district court for further consideration in the light of appellants' present position that the allegations as to insolvency and the depletion or impairment of liquid reserves entitles them, as policyholders in the company, to maintain this suit. Either party may appeal under the instant docket number from the order to be entered as a result of the further proceedings. We express no view at this time as to the new question requiring this remand or as to the specific question which has been presented in the briefs now before us and which may be renewed in the event of a further appeal.

The cause is remanded for further proceedings consistent with the views expressed in this opinion.

1. United Security Life and two other corporations—American Security Investment Co. and United Finance Corporation—were also named defendants.

2. The amended complaint also contains allegations to the effect that by such acts defendants depleted or impaired the life insurance company's liquid reserves. We no not know whether similar allegations were made in the original complaint.

3. In appellees' brief, after expressing the opinion that appellants were not now relying upon the allegation as to insolvency, it is stated: "The appellees per-

ceive that different considerations are applicable to the rights of policyholders where a stock insurance company is rendered insolvent as a result of fraudulent transfers by directors, but since appellants have not so framed the issues and have instead presented argument only on the general question of whether a policyholder may institute a secondary (or derivative) action on behalf of a stock insurance company to recover assets wrongfully abstracted from the corporation by its officers and directors, appellees will respond to that argument only, without considering the effect of the allegation that the company was rendered insolvent.