Gray WILLIAMS, Defendant-Appellant,

v.

UNITED STATES of America, Plaintiff-Appellee.

No. 14182.

United States Court of Appeals
Sixth Circuit.

Oct. 20, 1960.

Dale M. Quillen, Quillen & Bell, Nashville, Tenn., for appellant.

John C. Crawford, Jr., U. S. Atty., Knoxville, Tenn., John F. Dugger, Asst. U. S. Atty., Knoxville, Tenn., on brief, for appellee.

Before McALLISTER, Chief Judge, and MILLER and CECIL, Circuit Judges.

SHACKELFORD MILLER, Jr., Circuit Judge.

Appellant was indicted for possessing and concealing nontaxpaid whiskey in

violation of Sections 5008(b) and 5632, Title 26 U.S.Code. Prior to arraignment, he filed a motion to suppress the evidence pertaining to the nontaxpaid whiskey, on the ground that it was obtained by an illegal search and seizure of his automobile in which it was being transported by him.

The search was made by two police officers of the city of Knoxville, Tennessee, after appellant's car was wrecked following a chase of appellant by the officers at about 5:00 A.M., in which appellant drove at times at a speed in excess of 75 miles per hour. The nontaxpaid whiskey was found by them in the trunk of appellant's car.

In the hearing on the motion, the District Judge was of the opinion that even though the search, which was made by state officers rather than by federal agents, *may have been* illegal, the use of the evidence in the trial in the U. S. District Court was not barred under the ruling in Weeks v. United States, 232 U.S. 383, 398, 34 S.Ct. 341, 58 L.Ed. 652, and Burdeau v. McDowell, 256 U.S. 465, 41 S.Ct. 574, 65 L.Ed. 1048, followed in this circuit in Timonen v. United States, 6 Cir., 286 F. 935; Collins v. United States, 6 Cir., 230 F.2d 424; Ford v. United States, 6 Cir., 234 F.2d 835, 837, certiorari denied 352 U.S. 972, 77 S.Ct. 364, 1 L.Ed.2d 325, and Graham v. United States, 6 Cir., 257 F.2d 724. He overruled the motion to suppress on the authority of those cases.

Appellant entered a plea of not guilty, and following a trial was found guilty by a jury, followed by this appeal.

Pending appeal, on June 27, 1960, the Supreme Court changed its previous ruling in Weeks v. United States, supra, and Burdeau v. McDowell, supra, and held in Elkins v. United States, 364 U.S. 206, 80 S.Ct. 1437, 4 L.Ed.2d 1669, that evidence obtained by state officers during a search, which, if conducted by federal officers, would have violated the defendant's immunity from unreasonable searches and seizures under the Fourth Amendment, was inadmissible in a federal criminal trial, even when there was no participation by federal officers in the search and seizure. This, of course, overruled the prior ruling in this circuit to the contrary.

The Government concedes on this appeal that the evidence sought to be suppressed if obtained by unlawful search and seizure by the state officers, was inadmissible under the new ruling of the Supreme Court, but now contends that the evidence was nevertheless admissible, because it was not obtained through an unlawful search and seizure, but was obtained through a lawful search of appellant's automobile after a lawful arrest. Harris v. United States, 331 U.S. 145, 67 S.Ct. 1098, 91 L.Ed. 1399; United States v. Rabinowitz, 339 U.S. 56, 70 S.Ct. 430, 94 L.Ed. 653; Brubaker v. United States, 6 Cir., 183 F.2d 894, 897.

Due to the reliance at the time by the District Judge on the ruling given in Weeks v. United States, supra, and Burdeau v. McDowell, supra, and in other cases in this circuit, hereinabove referred to, chief consideration in the hearing on the motion to suppress was given to the question of whether federal agents participated in the search and seizure, so as to remove it from the scope of the rule established by those cases. Byars v. United States, 273 U.S. 28, 47 S.Ct. 248, 71 L.Ed. 520; Gambino v. United States, 275 U.S. 310, 48 S.Ct. 137, 72 L.Ed. 293. The factual circumstances leading up to the arrest of appellant, about which the parties are apparently not in accord, were not developed in detail. The record does not contain findings which are necessary in order for this Court to pass on the legality of the arrest and the search. Rios v. United States, 364 U.S. 253, 80 S.Ct. 1431, 4 L.Ed.2d 1688. Under the circumstances, appellant's motion to suppress should be reconsidered by the District Judge, with permission to both parties to introduce additional evidence pertaining to the arrest and search, followed by findings of fact and conclusions of law by the District Judge with respect thereto.

The case is remanded to the District Court for further proceedings consistent

with the views expressed herein. Fidelity & Deposit Co. v. United States, 259 U.S. 296, 303, 42 S.Ct. 511, 66 L.Ed. 948; Mauser v. United States Life, 9 Cir., 267 F.2d 3, 4, Section 2106, Title 28 U.S. Code.