Van Voorhis, J. (dissenting).
In Mapp v. Ohio (367 U. S. 643, 655) the Supreme Court of the United States said: “We hold that all evidence obtained by searches and seizures in violation of the Constitution is, by that same authority, inadmissible in a state court.” In that broad pronouncement, no distinction is made between the admissibility of such evidence in civil and criminal cases, nor between whether the illegal search and seizure has been made by a public officeholder. In fact, there is no such thing as an illegal search and seizure by a public officer as such, inasmuch as our fundamental law regards him under such circumstances as having stepped out of his role as a public official and become a trespasser. “ If he exceeds the power conferred on him by law, he cannot shelter himself by the plea that he is a public agent acting under color of his office, or that the damage was caused by an act done or committed under color of office, and not personally. In the eye of the law, his acts then are wholly without authority ” (43 Am. Jur., Public Officers, § 277, pp. 89-90, and eases cited; Tracy v. Swartwout, 10 Pet. [35 U. S.] 80). In Tracy v. Swartwout, the Supreme Court held that such an act by a public official partakes of the character of a private transaction. It is true that section 12 of article I of the New York State Constitution was held in People v. Appelbaum (277 App. Div. 43, 45, affd. without opn. 301 N. Y. 738) to relate exclusively to unreasonable searches and seizures by those holding public office. But the opinion of the Appellate Division shows that this holding was based on Burdeau v. McDowell (256 U. S. 465, 475) which was, in effect, overruled by Elkins v. United States (364 U. S. 206) as so construed in Williams v. United States (282 F. 2d 940, 941). The State officials who made the illegal search and seizures in Elkins exercised no Federal authority and were no more than private individuals insofar as the prosecution of Elkins was concerned. Therefore, the support given by Burdeau to our decision in Appelbaum has been withdrawn and it is reasonable to assume that, if Elkins had been decided before Appelbaum, the latter would have resulted the other way. However that *46 may be, we are bound to enforce the Fourth Amendment to the Constitution of the United States in the manner in which it is construed by the United States Supreme Court, which it is believed no longer distinguishes between unreasonable searches and seizures by private persons or by public officers. When evidence illegally obtained is offered in evidence in court, that is done for the purpose of inducing official action by the courts, which appears to be contrary to the purpose served by the adjudication in Mapp v. Ohio. In either instance the product of the search cannot legally be utilized by the courts as an official branch of the State. Section 8 of the Civil Rights Law is in the same language as the Fourth Amendment to the United States Constitution, and section 12 of article I of the New York State Constitution. This court recognized in People v. Defore (242 N. Y. 13, 21) that this language, at least as used in section 8 of our Civil Rights Law, applies to trespasses of this kind by private individuals as well as by public officers. It would unduly mar the symmetry of the law, as Judge Bergart suggests, if the identical language of these enactments were to be construed differently. It is true that the exclusionary rule has been held to be in force only as a sanction to the constitutional protection against unreasonable searches and seizures afforded by the Fourth Amendment to the United States Constitution and not to be required in case of a mere statutory violation (People v. Dinan, 11 N Y 2d 350, cert. den. 371 U. S. 877). But here, as it seems to me, this evidence was obtained in violation of the Fourth Amendment. For this reason I vote to reverse the judgment appealed from and to grant a new trial.