Angus J. De **PINTO,** Cross-Complainant, Appellee,

v.

Hjalmar **B. LANDOE,** Cross-Defendant, Appellant.

Angus J. **De PINTO,** Cross-Complainant, Appellee,

v.

Francis I. **SABO,** Cross-Defendant, Appellant.

Nos. 71–1486, 71–1487.

United States Court of Appeals, Ninth Circuit.

Feb. 12, 1973.

Joseph B. Gary (argued), Hjalmar B. Landoe (argued), Thomas I. Sabo, Bozeman, Mont., for appellants.

Herbert Mallamo (argued), Elsing & Crable, Phoenix, Ariz., for appellee.

Before BARNES, HAMLEY and JERTBERG, Circuit Judges.

PER CURIAM:

This appeal involves another phase of the litigation pertaining to the diversion of assets of United Security Life (United), an Arizona stock insurance corporation, which has been before this court for many years.[1] In its present posture the case is so unique that our decision herein will be of little interest to anyone except the parties. In the following discussion we will accordingly write mainly for the parties and will assume that the reader is completely familiar with what has gone before. It will nevertheless be necessary to make some reference to past proceedings.

Following our last decision herein, announced in De Pinto v. Landoe, 411 F.2d 297 (9th Cir. 1969), Angus J. De Pinto, against whom Provident Security Life Insurance Company (Provident) had obtained a $314,794.19 judgment, continued with his efforts to collect this amount from various cross-defendants, including Hjalmar B. Landoe and Francis I. Sabo. He did so by filing a motion for summary judgment against the cross-defendants. Landoe and Sabo resisted this motion and filed cross motions for summary judgment.

All pending motions for summary judgment were then denied. A pretrial order was later entered limiting the trial to one issue—the liability of the cross-defendants, if any, to United as a result of their alleged conduct and thus their liability over to cross-complainant De Pinto "under principles analogous to subrogation."[2]

Landoe and Sabo then filed new motions for summary judgment, based upon the ground that settlement agreements they made with Provident, as a result of which Provident executed Covenants Not To Sue, precluded De Pinto from recovering from Landoe and Sabo upon the theory of subrogation or upon principles analogous thereto. These motions were denied and we permitted Landoe and Sabo to take this interlocutory appeal.

1. The first decision involving this controversy was rendered in Mauser v. United Security Life, 267 F.2d 3 (9th Cir. 1959). Subsequent decisions are referred to in De Pinto v. Provident Security Life Insurance Company, 374 F.2d 37, 40–41, n. 2 (9th Cir. 1967); and De Pinto v. Landoe, 411 F.2d 297, 299, n. 6 (9th Cir. 1969).

2. The quoted words were taken from the following statement in our opinion in De Pinto v. Landoe, 411 F.2d 297 (9th Cir. 1969):

"De Pinto's right to obtain indemnity from Landoe, Pegram and Sabo for their alleged derelictions therefore arises not from the existence of a joint tort-feasor relationship he shares with them, but by reason of the consensual relationship between De Pinto and United, out of which De Pinto's fiduciary duty to United arose. Upon the theory of subrogation or upon principles analogous thereto, he stands in the place of United. He is entitled to recover from Landoe, Sabo and Pegram (assuming that they participated in the raid on United) what they should have paid to United's successor and what he, in effect, has paid in their behalf." 411 F.2d, at 300.

For the reasons stated in the memorandum and order of the district court, filed ·January 20, 1971 (D.C.Ariz.1971), we hold that, under the special circumstances of this case, the settlements which Landoe and Sabo entered into with Provident, including Provident's Covenant Not To Sue, do not preclude De Pinto from seeking recovery over from Landoe and Sabo on the theory of subrogation or principles analogous thereto.

Landoe and Sabo also urge, however, that in any event De Pinto is not entitled to the benefits of the equitable remedy of subrogation for the reason that he does not have clean hands in relation to Provident and clean hands concerning the subject matter of this litigation.

This was not a ground stated in Landoe's and Sabo's motions for summary judgment now under consideration. The only ground there relied upon was that the settlement Landoe and Sabo made with Provident precluded De Pinto from recovering on the theory of subrogation or principles analogous thereto. In Landoe's memorandum filed in support of his last motion for summary judgment, there are some observations which might be construed as a tangential reference to the doctrine of clean hands, although no specific reference is made to that doctrine. There may also have been similar indirect references to the doctrine of clean hands in the oral argument before the district court on these motions.[3]

The district court apparently did not consider that the "clean hands" issue was involved in the new motions for summary judgment. The memorandum and order under review makes no reference to such an issue. Accordingly we do not regard this issue as ripe for consideration at this time, although it may ultimately come to this court for decision.

Note has previously been taken of the fact that Landoe may occupy a different position than does Sabo or other cross-defendants, with reference to any liability any of them may have to De Pinto. *See* 411 F.2d, at 301. Nothing said in this opinion is intended to indicate a view that all of the cross-defendants are necessarily equally liable to De Pinto.

The judgment is affirmed and the cause is remanded for further proceedings consistent with this opinion.

---

3. There may have been more direct references to this doctrine in previous motions for summary judgment and written or oral argument advanced in their support.

But those arguments were not before the court in connection with the order now under review.