Angus J. DePINTO and Margaret F. DePinto, Plaintiffs,

v.

UNITED STATES of America, Defendant.

No. Civ. 74–10 Phx. WPC.

United States District Court, D. Arizona.

Jan. 21, 1976.

Powers, Boutell, Fannin & Kurn, Phoenix, Ariz., for plaintiffs.

Douglas G. Anderson, Trial Atty., Tax Div., Dept. of Justice, Washington, D. C., for defendant.

## MEMORANDUM AND ORDER

COPPLE, District Judge.

This suit involves a claim for the refund of certain federal income taxes. The facts of this case and the various contentions of the parties are set forth in this Court's earlier Memorandum and Order, *DePinto v. United States of America*, 407 F.Supp. 1 (D.C.1975).

This Court's earlier opinion in *DePinto, supra,* set forth in detail the reasoning that led to the denial of DePinto's claimed deductions pursuant to 26 U.S.C. §§ 162(a) & 165(c). That ruling, however, did not affect DePinto's claim for a deduction of $37,716 which was interest paid by the trustee in bankruptcy. Since at the termination of the bankruptcy over $200,000 in property was reconveyed to DePinto, he now contends that such interest should be deductible as to his taxable income earned during the administration of the bankruptcy estate. DePinto's unique claim for the joining of his own income and deductions with those of the bankruptcy estate is based upon his reading of 26 U.S.C. § 671 *et seq.* (Grantor Trust).

More particularly DePinto relies upon 26 U.S.C. § 673(a) and § 677(a). The subsection of 26 U.S.C. § 673(a) relied upon by DePinto reads:

"§ 673. Reversionary interests

(a) General rule.—The grantor shall be treated as the owner of any portion of a trust in which he has a reversionary interest in either the corpus or the income therefrom if, as of the inception of that portion of the trust, the interest will or may reasonably be expected to take effect in possession or enjoyment within 10 years commencing with the date of the transfer of that portion of the trust."

The key language being ". . . as of the inception of that portion of the trust, the interest will or may reasonably be expected to take effect in possession or enjoyment within 10 years . . .." There are no reported cases which comment upon the application of this section to the circumstances under consideration herein.

■ This Court is of the opinion that one who seeks the protection of the Bankruptcy Act does so with the good faith expectation of never recovering any part of the corpus of his estate which is transferred to the trustee. Plaintiff's own admission as to the rarity of such an outcome argues against the application of this section. Invocation of the protection of the Bankruptcy Act is a step undertaken by a debtor with debts which exceed his resources. *See, Hartman v. Utley,* 335 F.2d 558 (9th Cir. 1964); *In Re Wooding,* 390 F.Supp. 451 (D.Kan.1974). It is clear that one who honestly invokes the protection of the Bankruptcy Act does so at its inception with an honest and reasonable belief that none of his nonexempt property will be returned to him. Given this prerequisite to the seeking of the protection of the Bankruptcy Act plaintiff is not in a position to argue that he had a reasonable belief that he would be revested with any portion of his property at any time.

DePinto contends that this factual situation is also governed by the provisions of 26 U.S.C. § 677 which reads in part:

"§ 677. Income for benefit of grantor

(a) General rule.—The grantor shall be treated as the owner of any portion of a trust, whether or not he is treated as such owner under section 674, whose income without the approval or consent of any adverse party is, or, in the discretion of the grantor or a nonadverse party, or both, may be—

(1) distributed to the grantor or the grantor's spouse;

(2) held or accumulated for future distribution to the grantor or the grantor's spouse; or

(3) applied to the payment of premiums on policies of insurance on the life of the grantor or the grantor's spouse (except policies of insurance irrevocably payable for a purpose specified in section 170(c) (relating to definition of charitable contributions)).

This subsection shall not apply to a power the exercise of which can only affect the beneficial enjoyment of the income for a period commencing after the expiration of a period such that the grantor would not be treated as the owner under section 673 if the power were a reversionary interest; but the grantor may be treated as the owner after the expiration of the period unless the power is relinquished."

The crucial question is whether the Bankruptcy Trustee is "adverse" within the meaning of the statute. As in most of the tax law the Court is directed to look to substance rather than form. In examining the question of whether the trustee is "adverse", that is, independent of the grantor, one examines the trustee status and his ability to act in a manner independent of the personal wishes of the grantor. *See, Brooke v. United States*, 468 F.2d 1155 (9th Cir. 1972). A review of the status of the Bankruptcy Trustee reveals that he is truly independent of and adverse to the bankrupt. Unlike other trustees, the Bankruptcy Trustee is an officer of the Bankruptcy Court and subject to its supervision. 11 U.S.C. § 61; *King v. United States*, 379 U.S. 329, 85 S.Ct. 427, 13 L.Ed.2d 315 (1964); *Preuss v. United States*, 412 F.2d 1293, 188 Ct.Cl. 469 (1969). The Bankruptcy Trustee is elected by the bankrupt's creditors, 11 U.S.C. § 72(a). He has a duty to represent the creditors and to realize the maximum profit on the bankruptcy estate. *Commercial Credit Corporation v. Skutt*, 341 F.2d 177 (8th Cir. 1965). The entire purpose of the Bankruptcy Act's appointment procedure is to avoid the appointment of a trustee subservient to the bankrupt. *In Re Ira Haupt & Co.*, 379 F.2d 884 (2nd Cir. 1967). A Bankruptcy Trustee is personally liable for a failure to properly administer the bankruptcy estate for the benefit of the creditors. *Leonard v. Vrooman*, 383 F.2d 556 (9th Cir. 1967), *cert. denied*, 390 U.S. 925, 88 S.Ct. 856, 19 L.Ed.2d 985 (1967).

It is clear from an examination of the statutory scheme that the very nature of the Bankruptcy Act is inconsistent with the requirements of the Grantor Trust provisions of the Internal Revenue Code. Lacking a statutory basis for the claimed combination of income and deductions of the bankruptcy estate with his own, DePinto lacks the proper foundation for a refund of taxes paid.

It is ordered:

The previous order of this Court on December 9, 1975, shall stand.