Darwin L. **RICHARDSON**, and **Wanda J. Richardson**, Plaintiffs-Appellants,

v.

**UNITED STATES of America**, Defendant-Appellee.

No. 75–1135.

United States Court of Appeals, Ninth Circuit.

April 18, 1977.

Rehearing and Rehearing En Banc Denied July 1, 1977.

---

292

Thomas H. McPeters, argued, Surr & Hellyer, San Bernardino, Cal., for plaintiffs-appellants.

William D. Keller, U. S. Atty., Los Angeles, Cal., Myron C. Baum, Gilbert E. Andrews, Chief, Appellate Section, Karl Schmeidler and Libero Marinelli, Jr., argued, Tax Div., Dept. of Justice, Washington, D. C., for defendant-appellee.

* The Honorable William A. Ingram, United States District Judge, Northern District of California, sitting by designation.

Before CHAMBERS and WRIGHT, Circuit Judges, and INGRAM, District Judge.*

PER CURIAM:

Appellants, cash basis taxpayers, seek to deduct unused losses sustained by the bankruptcy trustee administering the bankrupt estate of one of them in determining their personal income tax liability for the year 1969, which was the year in which the bankruptcy proceeding terminated. The total unused losses sustained by the trustee substantially exceed the relief from indebtedness realized as the result of the bankruptcy proceeding. Appellants contend that they are entitled to utilize the losses in that they are beneficiaries of an estate or trust within the meaning of Title 26, United States Code, Section 642(h) and are therefore entitled to unused loss carryovers and excess deductions upon the termination of the bankruptcy estate. We disagree with Appellants' contention, and affirm the judgment of the District Court.

The provisions of Title 26, United States Code, Section 642(h) are not applicable to bankrupt estates or to those who may bear the economic burden of their losses, whether they be creditors or bankrupts. The section is limited in its application to those whose beneficial interest in an estate or trust derives from bequest, gift, devise, or inheritance. Cf., Nemser v. Commissioner of Internal Revenue, 66 T.C. No. 780 (1976).[1] The interest of a creditor or of a bankrupt in the bankrupt's estate is not donative in origin, and is not encompassed within the terms of Section 642(h).

One who seeks the protection of the bankruptcy act, whether voluntarily or involuntarily, cannot be said to do so in the valid expectation of recovering for his personal use and benefit any part of his estate which is transferred to the trustee. DePinto v. United States, 407 F.Supp. 5, 6 (D.Ariz.1976). The benefit accruing to the

1. Treasury Regulations (1954 Code) Sections 1.642(h)–3, 1.643(c)(1).

bankrupts is a fresh start, free from debt and with a "clean slate". It is, in our view, the reasonable and proper construction of Title 26, United States Code, Section 642(h) that its spirit and intent is not to confer upon persons whose estates are administered in bankruptcy a personal tax advantage which is a result not within the protective purpose of the bankruptcy law.

Affirmed.