**Angus J. DePINTO and Margaret F. DePinto, Appellants,**

v.

**UNITED STATES of America, Appellee.**

**No. 76–1914.**

United States Court of Appeals, Ninth Circuit.

Nov. 2, 1978.

James Powers (argued), Phoenix, Ariz., for appellants.

William S. Estabrook, III (argued), Dept. of Justice, Washington, D. C., for appellee.

Before CHOY and SNEED, Circuit Judges, and KELLEHER,* District Judge.

SNEED, Circuit Judge:

Taxpayers Angus and Margaret DePinto appeal from the denial of their claims for refund of certain federal income taxes, interest, and penalty paid for the years 1964, 1965, and 1967. Two issues are presented on appeal: First, whether the Grantor Trust provisions of the Internal Revenue Code, 26 U.S.C. §§ 671 to 678, entitle appellants to include on their personal tax return the income and deductions reported during their bankruptcy by the bankruptcy trustee. Second, whether attorneys' fees incurred in defense of a suit arising out of Angus DePinto's service as a corporate director constitute a deductible trade or business expense or loss under either section 162(a) or section 165(c)(1) of the Code, 26 U.S.C. §§ 162(a), 165(c)(1). The district court held the Grantor Trust provisions were inapplicable and that the attorneys' fees paid were not deductible. This court has jurisdiction pursuant to 28 U.S.C. § 1291. We affirm.

## I.

### Facts.

The complete factual history of this suit spans thirty years and need not be recited here.[1] It is sufficient to recite that in the beginning appellant Angus DePinto served as a corporate director from 1955 to 1957. In 1958 a shareholders' derivative suit was filed against DePinto and the other corporate directors. In 1965, after several appeals to this court,[2] a judgment in the amount of $314,794 plus interest and costs was entered against DePinto. Unable to obtain a supersedeas bond to stay execution of the judgment pending appeal and facing debts apparently in excess of his resources, DePinto filed a petition for an arrangement under Chapter XI of the Bankruptcy Act on August 18, 1965. DePinto subsequently consented to being adjudged a bankrupt, in accordance with section 376(2) of the Bankruptcy Act, 11 U.S.C. § 776(2). This court affirmed the judgment against DePinto in *DePinto v. Provident Security Life Insurance Co.*, 374 F.2d 37 (9th Cir. 1967) [*DePinto I*]. A district court decision denying attempts by the DePintos to enjoin collec-

---

* Hon. Robert J. Kelleher, United States District Judge for the Central District of California, sitting by designation.

1. The district court opinions fully document the travails of the DePintos. *DePinto v. United States*, 407 F.Supp. 1, 5 (D.Ariz.1975). *See DePinto v. Landoe*, 475 F.2d 1123 (9th Cir. 1973); *DePinto v. Landoe*, 411 F.2d 297 (9th Cir. 1969); *DePinto v. Provident Security Life*

*Insurance Co.*, 374 F.2d 50 (9th Cir. 1967); *DePinto v. Provident Security Life Insurance Co.*, 374 F.2d 37 (9th Cir. 1967); *DePinto v. Provident Security Life Insurance Co.*, 323 F.2d 826 (9th Cir. 1963); *Niesz v. Gorsuch*, 295 F.2d 909 (9th Cir. 1961); *Mauser v. United Security Life*, 267 F.2d 3 (9th Cir. 1959).

2. *See* note 1 *supra*.

tion of the judgment out of their community property also was affirmed on appeal. *DePinto v. Provident Security Life Insurance Co.,* 374 F.2d 50 (9th Cir. 1967) [*DePinto II*]. The trustee paid the adverse judgment, costs, and interest, as well as all other debts of the estate. During the period of the administration of the bankruptcy estate the DePintos and the trustee filed separate returns, each accounting for its own income and losses. The trustee claimed payment of the judgment, costs, and interest as a deduction on behalf of the bankrupt estate. On June 7, 1968, the Referee in Bankruptcy issued an order revesting title in the DePintos to property valued in excess of $200,000.

## II.

### *Applicability of Grantor Trust Provisions to Bankrupt Estate.*

■ Appellants contend that, since the administration of the bankruptcy estate resulted in full payment to creditors of the amounts allowed by the trustee and the return of property unnecessary to satisfy creditors, the bankruptcy estate qualifies as a grantor trust and that they may deduct from their personal tax return the payments made by the trustee for the adverse judgment, costs, and interest.

Section 673(a) states that:

The grantor shall be treated as the owner of any portion of a trust in which he has a reversionary interest in either the corpus or the income therefrom if, as of the inception of that portion of the trust, the interest will or may reasonably be expected to take effect in possession or enjoyment within 10 years commencing with the date of the transfer of that portion of the trust.

Appellants argue that they fall within a literal reading of the statute, i. e., that they had a "reversionary interest" (the right to receive back surplus property) in a "trust" (the bankruptcy estate) that could "reasonably be expected" (measured at the inception of bankruptcy) to "take effect in possession . . . within 10 years . . ." The district court carefully considered this contention and concluded that "the very nature of the Bankruptcy Act is inconsist-

ent with the requirements of the Grantor Trust provisions of the Internal Revenue Code." *DePinto v. United States,* 407 F.Supp. 5, 7 (D.Ariz.1975). We agree.

Section 673 is part of the so-called Clifford Trust provisions that enacted into statutory law the substance of Treasury Regulations which had been promulgated in response to *Helvering v. Clifford,* 309 U.S. 331, 60 S.Ct. 554, 84 L.Ed. 788 (1940). *See* H.R.Rep. No. 1337, 83d Cong., 2d Sess., *reprinted in* [1954] U.S.Code Cong. & Admin. News pp. 4017, 4089 [hereinafter cited as H.R.Rep.]. Primarily, it was designed to deal with donative transfers employing short term trusts. Sections 671 through 678 provide for "taxing to the grantor the income of a trust over which he has retained substantial dominion and control." S.Rep. No. 1622, 83d Cong., 2d Sess., *reprinted in* [1954] U.S.Code Cong. & Admin.News pp. 4621, 4718, 5005 [hereinafter cited as S.Rep.]. *See* H.R.Rep., *reprinted in* [1954] U.S.Code Cong. & Admin.News pp. 4017, 4089, 4350. One who obtains the protection of the Bankruptcy Act does not make a donative transfer and usually with great regret relinquishes the sort of dominion and control over the bankruptcy estate that Congress perceived to be an essential element of the grantor trust provisions. *See* H.R.Rep., *reprinted in* [1954] U.S.Code Cong. & Admin.News pp. 4017, 4089, 4350; S.Rep., *reprinted in* [1954] U.S.Code Cong. & Admin.News pp. 4621, 4718, 5005. Nothing in the legislative history of these provisions indicates that Congress intended for them to apply in the case of an individual bankruptcy. We so hold. *Cf. Richardson v. United States,* 552 F.2d 291 (9th Cir. 1977) (statute concerning net operating loss carryover or capital loss carryover on termination of an estate or trust inapplicable to bankrupt estates).

## III.

### *Trade or Business Deduction.*

■ Our resolution of the grantor trust issue renders unnecessary further consideration of the deductibility of the judgment, costs, and interest paid by the bankruptcy trustee. Because appellants paid the attorneys' fees incurred in connection with *De-*

*Pinto I,* however, we are required to address their contention that such expenses qualify as a trade or business deduction under either section 162(a) or section 165(c)(1). The generally accepted rule is that an "activity or enterprise claimed to constitute 'carrying on a business' [must] be entered into, in good faith, with the dominant hope and intent of realizing a profit . . . ." *Hirsch v. Commissioner,* 315 F.2d 731 (9th Cir. 1963). *See Frank v. United States,* 577 F.2d 93 (9th Cir. 1978); *Mercer v. Commissioner,* 376 F.2d 708, 711 (9th Cir. 1967).

The district court carefully considered the entire record before it, including the findings of fact by the courts in *DePinto I* and *DePinto II,* as well as the affidavits submitted by Angus DePinto in *DePinto II* and his deposition in this case, and concluded that "only one conclusion is supported by the evidence. Angus J. DePinto was not in a trade or business by being a director . . and he did not enter upon that directorship pursuant to any motive for profit." 407 F.Supp. at 4. We, too, have examined these documents and agree with the district court. Accordingly, we affirm the judgment of the district court.

AFFIRMED.