667 F.2d 1108
 82-1 USTC P 9112, Bankr. L. Rep. P 68,516
 Gray WILLIAMS, Trustee in Bankruptcy for Frank A. O'Neill
and Caroline P. O'Neill, Appellee,
v.
UNITED STATES of America, Appellant.
In re Frank A. O'NEILL and Caroline P. O'Neill, Bankrupts.
Gray WILLIAMS, Trustee in Bankruptcy for Frank A. O'Neill
and Caroline P. O'Neill, Appellant,
v.
UNITED STATES of America, Appellee.
In re Frank A. O'NEILL and Caroline P. O'Neill, Bankrupts.
 Nos. 81-1064, 81-1065.
 United States Court of Appeals,
Fourth Circuit.
 Argued Oct. 8, 1981.
Decided Dec. 22, 1981.
 
 Robert M. Musselman, Charlottesville, Va., Helen P. Parris, Earlysville, Va. (T. Munford Boyd, Charlottesville, Va., on brief), for appellant.
 Carleton D. Powell, Tax Division, Dept. of Justice, Washington, D. C. (John S. Edwards, U. S. Atty., Roanoke, Va., John F. Murray, Acting Asst. Atty. Gen., Michael L. Paup, Stephen Gray, Tax Division, Dept. of Justice, Washington, D. C., on brief), for appellee.
 Before HAYNSWORTH, Senior Circuit Judge, PHILLIPS and MURNAGHAN, Circuit Judges.
 JAMES DICKSON PHILLIPS, Circuit Judge:
 
 
 1
 The issue in this case is whether, prior to the effective date of the Bankruptcy Tax Act of 1980, an individual bankruptcy estate must pay tax on the income it earns. The new Bankruptcy Tax Act clearly taxes such income, but Congress did not as clearly deal with the issue prior to 1980. Examining the policies underlying and the case law interpreting the Internal Revenue Code, we affirm the district court's holding that Congress intended to tax income earned by individual bankruptcy estates during 1972-1975, the years at issue here. However, the district court concluded that the bankruptcy estate did not owe any tax, because the estate could deduct potential distributions to creditors from its gross income. We do not read the Code as allowing such deductions, and therefore reverse the judgment of the district court.
 
 
 2
 * In February 1972, Frank O'Neill and his wife, Caroline O'Neill, declared individual bankruptcy, and Gray Williams was subsequently appointed trustee. During 1972-1975, the estate earned over $320,000, consisting primarily of proceeds from the sale of property, dividends, rents, and interest. Relying upon the advice of counsel and upon In re I. J. Knight Realty Corp., 366 F.Supp. 450 (E.D.Pa.1973), the trustee took the position that a bankruptcy estate in the process of liquidation was not a taxable entity under the Internal Revenue Code. Nevertheless, based upon informal instructions from counsel that returns would be useful, the trustee filed a fiduciary income tax return for the calendar year 1972. On that return he cited Knight Realty and attached a copy of the opinion. The trustee filed similar returns, without the citation, for the years 1973, 1974, and 1975.
 
 
 3
 In 1978, the IRS filed a proof of claim asserting that a fiduciary income tax was due for the four years in question, and sought interest and penalties as well. The trustee objected to these claims, and the parties stipulated the facts and the four issues for resolution by the bankruptcy court.
 
 
 4
 The bankruptcy court decided that (1) the trustee of an individual bankruptcy estate must pay income tax; (2) the trustee may deduct from the gross income any distributions made, or that could have been made, to creditors; (3) no interest was owed; and (4) no penalties for late filing were owed. On appeal, the district court affirmed the result of the bankruptcy court, except that on issue (3) it refused to decide the hypothetical question of interest since no tax was owed. The government appealed issues (2) and (3) to this court, and the trustee cross-appealed on issue (1). The government has not appealed the refusal to award penalties.
 
 II
 
 5
 * In determining whether the Internal Revenue Code (Code) taxes bankruptcy income, we start with the general policy of § 61 that gross income includes "all income from whatever source derived." Unfortunately, although § 61 and other code provisions enumerate many types of income that are taxable, the Code fails to deal explicitly with the income of individual bankruptcy estates.[1]
 
 
 6
 Beyond the sweeping language of § 61, the government points to other Code sections that can be read to tax the income of bankruptcy estates. Bankruptcy estates, says the government, fall within the general provisions of subchapter J, which deals with "Estates, Trusts, Beneficiaries, and Decedents." Section 641(a) of subchapter J declares that "(t)he taxes imposed by this chapter on individuals shall apply to the taxable income of estates or of any kind of property held in trust." Although the decisions are admittedly not uniform, several courts have found this language broad enough to include bankruptcy estates. See Schilder v. United States, 71-2 U.S.T.C. P 9595, at 87, 383 (N.D.Cal.1971); In re Steck, 62-2 U.S.T.C. P 9702 (S.D.Ill.1962); Richardson v. United States, 386 F.Supp. 424 (C.D.Cal.1974), aff'd, 552 F.2d 291 (9th Cir. 1977). The Internal Revenue Service has consistently applied this construction of § 641. Thus, Rev. Rul. 68-48, 1968-1 C.B. 301, 302, citing a 1939 General Counsel Memorandum, notes that "income of a bankrupt partnership's estate, like that of a bankrupt individual's estate, should be taxed as income of an estate under section 161 of the Internal Revenue Code of 1939 (predecessor of § 641 of the Internal Revenue Code of 1954)."[2]
 
 
 7
 In re I. J. Knight Realty Corp., 366 F.Supp. 450 (E.D.Pa.1973), cited by the trustee in his income tax return, does not support his position. First, Knight Realty involves a corporate rather than individual bankruptcy, and so is not dispositive here. Even if it were relevant, the court of appeals reversed the district court's holding a year later. 501 F.2d 62 (3d Cir. 1974).
 
 
 8
 We are persuaded that the language of § 641 is broad enough to cover the income from individual bankruptcy estates. The Trustee can point to no exemption of such estates from taxation, cf. I.R.C. § 7507 (exempting insolvent banks). Exemptions from taxation are not to be implied. See Bingler v. Johnson, 394 U.S. 741, 751-52, 89 S.Ct. 1439, 1445, 22 L.Ed.2d 695 (1969), and cases cited at 394 U.S. at 752 n.16, 89 S.Ct. at 1445 n.16. We therefore hold that Congress intended, even before the Bankruptcy Tax Act of 1980, to tax the income of individual bankruptcy estates.[3]B
 
 
 9
 The trustee asserts that, even if we find an individual bankruptcy estate's income to be taxable, he may deduct from the gross income any distributions that were made, or could have been made, to creditors.[4] In this case, as would be common, the potential distributions were so great that if deducted from gross income, the estate would owe no tax at all. The trustee points to I.R.C. § 661(a), which provides in part that estates and trusts may deduct distributions to beneficiaries of any income properly paid or credited or required to be distributed during the tax year. I.R.C. § 643(c) defines the term "beneficiary" as including heir, legatee, or devisee. The government argues that § 661 should not be read broadly to include distributions to creditors of bankruptcy estates who may fit into one section of subchapter J-here, § 641-but not into another. The issue, of course, is one of Congressional intent. The Ninth Circuit, in Richardson v. United States, 552 F.2d 291 (9th Cir. 1977), affirmed a district court that found that one section of subchapter J applied to a bankruptcy estate but that another did not. The district court reasoned that revenue rulings "which state that for the purposes of reporting income and filing returns a bankrupt estate will be treated under subchapter J of the Code, do not mean that such an entity will be treated as a decedent's estate or trust for all purposes of taxation." 386 F.Supp. 424, 428 (C.D.Calif.1974). The Richardson district court based its opinion on the general principle that "(i)ncome is to be taxed unless specifically excluded by the Code. Deductions, on the other hand, depend strictly upon Congressional provisions." 386 F.Supp. at 428. See New Colonial Ice Co. v. Helvering, 292 U.S. 435, 54 S.Ct. 788, 78 L.Ed. 1348 (1934).
 
 
 10
 Several problems would result if individual bankruptcy estates were allowed to deduct from gross income distributions made to creditors. First, it would often be difficult to determine what amount should be deductible as distributions in a given tax year until the validity of all claims against the estate were determined. Second, I.R.C. § 662(a) requires distributees to include the amount received in their personal gross income. Thus, under the trustee's reading of § 661, creditors would have to treat as income money received from the estate that may be only a fraction of the principal debt.[5] Finally, allowing deductions under § 661 would put creditors in a better position than they were before bankruptcy, a rather incongruous result. Before bankruptcy, the debtor must pay income taxes and then pay creditors from his net income. After bankruptcy, under this construction, the trustee could pay creditors out of the estate's gross income unreduced by taxes. These problems are sufficient to convince us that Congress never intended that individual bankruptcy estates could deduct distributions from their gross income.
 
 C
 
 11
 Finally, the trustee argues that even if it owes tax, it should not pay interest on the delinquency. We cannot agree with this proposition. A policy that allows taxpayers to avoid interest on disputable claims would encourage taxpayers to refuse to pay, litigate if audited, and then pay with future dollars when the government wins. This is an unwise policy, as was recognized in Nicholas v. United States, 384 U.S. 678, 86 S.Ct. 1674, 16 L.Ed.2d 853 (1966), where the Supreme Court required a delinquent bankrupt to pay interest on the tax it owed.III
 
 
 12
 For the foregoing reasons, the judgment of the district court is reversed and the case is remanded for entry of a judgment consistent with the facts stipulated and with this opinion.
 
 
 13
 REVERSED.
 
 
 
 [1]
 The Bankruptcy Tax Act of 1980, not applicable to the years in question, explicitly taxes the income of individual bankruptcy estates. See I.R.C. § 1398
 
 
 [2]
 The Trustee relies heavily on In re Kirby, 62-2 U.S.T.C. P 9752 (S.D.Tex. Aug. 29, 1962), appeal dismissed sub nom. United States v. Kerr, 64-1 U.S.T.C. P 9184 (5th Cir. 1963). The district court there, in finding that § 641 does not tax individual bankrupt estates, emphasized an ambiguity in the Regulation then construing the section. The government later amended the Regulation to clarify that individual bankrupt estates, unlike corporate bankrupt estates, are taxable entities. See Treas.Reg. § 1.641(b)-2 (TD 6217, republished in TD 6500, amended by TD 6580, 1961-62 C.B. 123)
 
 
 [3]
 The government asserts that Congress' intent to tax individual bankrupt estates can be additionally inferred from I.R.C. §§ 6012(b)(4), 6151(a). In view of our analysis of § 641, we need not address this further contention. The government also suggests tax liability can be predicated on 28 U.S.C. § 960. We would find it difficult to infer on anything less than the clearest language that Congress intended to create a tax liability in any statute outside the Internal Revenue Code. We therefore reject this suggestion
 
 
 [4]
 The Bankruptcy Tax Act of 1980, I.R.C. § 1398, clearly disallows such deductions
 
 
 [5]
 Section 662(a) mandates that the amount specified in § 661(a) as paid, credited, or required to be distributed "shall be included in the gross income of a beneficiary" (emphasis added). The trustee argues that only the amount which is accrued interest would be reportable as income. The trustee's gloss on the word "shall" merely highlights that Congress did not design §§ 661 and 662 for creditors of bankruptcy estates